UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REBECCA KLYMN,

                          Plaintiff,

              - against -                           21 CV 06488 (JLS)

MONROE COUNTY SUPREME COURT,
UNIFIED COURT SYSTEM OF THE STATE
OF NEW YORK, OFFICE OF COURT
ADMINISTRATION, OFFICE OF THE MANAGING
INSPECTOR GENERAL FOR BIAS MATTERS,
COSMAS GRANT, RONALD PAWELCZAK,
MARY AUFLEGER, ANN TADDEO, CAROLYN
GRIMALDI, MARGE ALLEN, AMY FIELDS
AND MATTHEW ROSENBAUM,

                          Defendants.
_____


MEMORANDUM OF LAW IN SUPPORT OF
THE STATE COURT DEFENDANTS' MOTION TO
<u>DISMISS PURSUANT TO FED. R. CIV. P 12 (B) (1) AND (6)</u>

                                              **ELIEEN D. MILLETT**
                                               Counsel, Office of Court Administration
                                            New York State Unified Court System
                                            25 Beaver Street - 11th Floor
                                            New York, New York 10004
                                            (212) 428-2150

                                            Attorney for Defendants Monroe County
                                              Supreme Court, New York State Unified Court
                                              System,  Office of Court Administration, and
                                              Office of the Managing Inspector General for
                                              Bias Matters


PEDRO MORALES
   <u>Of Counsel</u>

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

ALLEGATIONS IN THE COMPLAINT .............................................................. 2

POINT I

    PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION UNDER TITLE VII
    OF THE CIVIL RIGHTS ACT OF 1964 ....................................................... 4

      A. STANDARD OF REVIEW ON A RULE 12 (B) (6) MOTION ........................ 4

      B. PLAINTIFF'S CLAIM THAT THE STATE COURT
      DEFENDANTS FAILED TO TAKE CORRECTIVE
      ACTION IN RESPONSE TO PLAINTIFF'S
      COMPLAINT OF DISCRIMINATORY TREATMENT IS TIME-BARRED .......... 6

      C. PLAINTIFF'S CLAIM THAT THE STATE COURT
      DEFENDANTS FAILED TO ADDRESS HER
      NOVEMBER 2019 COMPLAINT FAILS TO STATE A CAUSE
      OF ACTION BECAUSE PLAINTIFF IS NOT AN
      EMPLOYEE UNDER TITLE VII, AND THEREFORE
      WITHOUT STANDING TO ASSERT THAT CLAIM ............................................. 7

POINT II
    THE COURT LACKS SUBJECT MATTER JURISDICTION TO ENTERTAIN
    PLAINTIFFS' CLAIMS AGAINST THE STATE COURT DEFENDANTS UNDER
    THE NEW YORK STATE HUMAN RIGHTS LAW .................................................. 9

CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**
Abdul-Malik v. Office of Court Admin., 2019 WL 359985 (E.D.N.Y. Jan. 29, 2019) .... 10
Ashcroft v. Iqbal, 556 U.S. 662 (2009) ........................................................................... 5
Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................... 5
Bennett v. Supreme Court, 2019 WL 1897275 (S.D.N.Y. Apr. 26, 2019) ...................... 10
Bland v. State of New York, 263 F. Supp. 2d 526 (E.D.N.Y. 2003) ................................ 7
Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998) .................................................. 5
Butts v. City of New York Dept. of Hous., 990 F.2d 1397 (2d Cir. 1993) ...................... 6
Deadwiley v. New York State Office of Children & Family Serv., 97 F. Supp. 3d 110
   (E.D.N.Y. 2015)......................................................................................................... 9, 10
Faragher v. City of Boca Raton, 524 U.S. 775 (1998) .................................................... 5
Gollomp v. Spitzer, 568 F.3d 355 (2d Cir. 2009)............................................................ 10
Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993) ............................................................. 5
Hover v. New York State Office for People with Developmental Disabilities, 2018 WL
   3025038 (N.D.N.Y. Jun. 18, 2018)............................................................................ 9, 10
Kimel v. Fla. Bd. of Regents, 528 U.S. 62 (2000) .......................................................... 9
Newman & Schwartz v. Aspundh Tree Expert, Co., Inc., 102 F.3d 660 (2d Cir. 1996) .... 5
Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984).......................................... 9
Posr v. Court Officer Shield # 207, 180 F.3d 409 (2d Cir. 1999) .................................... 10
Schwartz v. New York Insur. Fund, 2018 WL 3442962 (S.D.N.Y. July 7, 2018) ....... 9, 10
Valtchev v. City of New York, 400 Fed. Appx. 586 (2d Cir. Nov. 15, 2010) .................... 6

**Statutes**
42 U.S.C. § 2000e (f)....................................................................................................... 7
42 U.S.C. § 2000e-2 (a) (1) .......................................................................................... 5, 7
42 U.S.C. § 2000e-5 (e) (1) ............................................................................................. 6
Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 ................................................ 1
Fed. R. Civ. P. 12 (b) (6) ................................................................................................. 4
N.Y. Exec. Law §§ 290-297 ............................................................................................ 1
N.Y. Jud. Law § 212 (1) (b) ............................................................................................ 9
N.Y. Jud. Law § 36 (1) .................................................................................................... 8

**Regulations**
22 NYCRR § 25.29 (a)..................................................................................................... 8
22 NYCRR § 80.1 (b) (3) ................................................................................................ 8

**Constitutional Provisions**
N.Y. Const. art. VI, § 1.................................................................................................... 9
N.Y. Const. art. VI, § 7.................................................................................................... 9
U.S. Const. amend. XI..................................................................................................... 9

## PRELIMINARY STATEMENT

Plaintiff Rebecca Klymn, a former personal secretary to defendant former Supreme Court Justice Matthew Rosenbaum commenced this action against defendants Monroe County Supreme Court, New York State Unified Court System, Office of Court Administration, and Office of the Managing Inspector General for Bias Matters ("Supreme Court," "UCS," "OCA," "OMIG," respectively, and, collectively, "State Court Defendants") alleging that they discriminated against her based on her sex when they failed to investigate, and take corrective action concerning, her complaint that Justice Rosenbaum subjected her to a hostile work environment.

The memorandum of law is respectfully submitted in support of the State Court Defendants' motion, pursuant to Fed. R. Civ. P. 12 (b) (1) and (6), to (i) dismiss plaintiff's claims under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 ("Title VII) on the grounds that the claims are barred by the applicable statute of limitations and plaintiff lacks standing to assert them against the State Court Defendants, and (ii) dismiss plaintiff's claims for relief under the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297 ("NYSHRL") on the grounds they are barred by the Eleventh Amendment of the United States Constitution.

The complaint, UCS records that are the basis for the allegations contained in the complaint, and statutory and regulatory provisions of which the State Court Defendants respectfully request this Court take judicial notice, are annexed to the Declaration of Pedro Morales, dated November 10, 2021 ("Morales Dec.").

## ALLEGATIONS IN THE COMPLAINT

The complaint (Morales Dec. Ex. A) alleges the following:

Plaintiff was employed by defendant Supreme Court Justice Matthew Rosenbaum from May 2005 through December 31, 2019, when Justice Rosenbaum resigned from the bench. Morales Dec. Ex. A [¶¶ 22 – 23 and 108]. During the period wherein she served as the personal appointee of Justice Rosenbaum, Justice Rosenbaum subjected plaintiff to the following actions:

From 2005 through 2009, plaintiff was compelled to submit to the unwelcome, uninvited sexual overtures by the Justice. Justice Rosenbaum repeatedly forced plaintiff to perform sexual acts on him and on one occasion, sexually assaulted plaintiff in her own home. She submitted to Justice Rosenbaum's sexual demands because justice Rosenbaum stated that it was a condition of her employment and if she refused she would lose her job as well as the custody of her son. Morales Dec. Ex. A [¶¶ 29 – 35, 56 – 58, 62, 64]. Justice Rosenbaum's sexual treatment of plaintiff ended in 2009 when complainant informed Justice Rosenbaum that she would no longer participate in the sexual acts. Morales Dec. Ex. A [¶ 68].

From 2005 through 2019, Justice Rosenbaum addressed plaintiff using denigrating terms, commented inappropriately on her clothing, and without plaintiff's consent, hugged plaintiff in the presence of third parties, addressing her as "sweetie" and "honey." Morales Dec. Ex. A [¶¶ 29 – 40, 60 – 61, 66 – 67, 69, 70, and 77 – 79]. From 2005 through 2019, Justice Rosenbaum required plaintiff, during working hours, to

perform personal errands for himself, his family, and his synagogue. Morales Dec. Ex. A [¶¶ 38, 59, 65, 71 and 79].

Plaintiff made three attempts to complain about Justice Rosenbaum's treatment of her. In November 2007, plaintiff prepared a written complaint of discrimination, and mailed it to the OMIG. Morales Dec. Ex. A [¶ 54]. Plaintiff did not receive a response. Morales Dec. Ex. A [¶ 55]. In January 2018, plaintiff completed a discrimination complaint form, submitted it to the OMIG, but did not receive a response. Morales Dec. Ex. A [¶¶ 74 – 76].

On October 19, 2019, after Justice Rosenbaum refused to grant plaintiff a leave of absence, Morales Dec. Ex. A [¶¶ 92 – 93], plaintiff submitted to Supreme Court's human resources office a request for a leave of absence pursuant to the Family Medical Leave Act. Morales Dec. Ex. A [¶ 94]. In her request, plaintiff indicated that she required the leave to treat the "physical symptoms arising from stress due to a hostile work environment." *Id.* The human resources office advised UCS's Work-Safe Office of plaintiff's claim of a hostile work environment. Morales Dec. Ex. A [¶¶ 96, 98 – 99]. On or about November 9, 2021, at the request of the Work-Safe Office, plaintiff supplied a written description of her treatment by Justice Rosenbaum. Morales Dec. Ex. A [¶¶ 100 – 101]. Plaintiff's narrative was forwarded to OMIG and the Commission on Judicial Conduct, both of which commenced an investigation of plaintiff's claim of hostile work environment. Morales Dec. Ex. A [¶¶ 102, 105 – 106, 109 – 111, and 119]. On December 28, 2019, plaintiff was informed by the Commission on Judicial Conduct that Justice Rosenbaum had agreed to resign from his office. Morales Dec. Ex. A [¶ 108].

3

After Justice Rosenbaum's resignation from office on December 31, 2019, plaintiff was appointed to the Court Analyst title. Morales Dec. Ex. A [¶ 107]. The appointment was made by UCS's Chief Administrative Judge, effective January 1, 2020. Morales Dec. Ex. E.

On August 25, 2020, plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge alleging that Supreme Court violated Title VII when Justice Rosenbaum treated her an inappropriate manner and failed to take corrective action in response to her complaints about Justice Rosenbaum. Morales Dec. Exs. F and H. On May 21, 2021, the EEOC issued a right-to-sue letter to plaintiff. Morales Dec. Ex. G.

In the complaint, plaintiff states that based on the preceding she is entitled to relief against the State Court Defendants under Title VII and NYSHRL for failing to investigate, and take corrective action, concerning her treatment by Justice Rosenbaum. Morales Dec. Ex. A [¶¶ 136 – 144, and 157 – 165].

POINT I

PLAINTIFF HAS FAILED TO STATE A
CAUSE OF ACTION UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964

A.   **Standard of Review on a Rule 12 (b) (6) Motion**

It is well-settled that, in addressing a motion to dismiss under Fed. R. Civ. P. 12 (b) (6), the court must determine whether the complaint has plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On such a motion, the court must confine its consideration to the facts stated on the face of the complaint, the documents appended to the complaint or incorporated by reference, and matters subject to judicial notice. *Newman & Schwartz v. Aspundh Tree Expert, Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996).

Title VII prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment because of the individual's . . . sex [,]" 42 U.S.C. § 2000e-2 (a) (1), as well as "requiring people to work in a discriminatively hostile or abusive environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Where an employee alleges a hostile work environment created by a supervisor, the employer is subject to liability where the employer fails to exercise reasonable care to prevent and correct promptly any sexually harassing behavior. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 806-807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). For the reasons stated below, plaintiff's claim that the State Court Defendants violated Title VII when it failed to investigate and take corrective action in response to her complaint should be dismissed on the grounds that it is barred by the statute of limitation and fails to state a cause of action.

### B. Plaintiff's Claim that the State Court Defendants Failed to Take Corrective Action in Response to Plaintiff's Complaint of Discriminatory Treatment Is Time-Barred

Under Title VII, plaintiff, as a deferral state claimant, has 300 days from the act complained of to file an administrative charge with the EEOC. *See* 42 U.S.C. § 2000e-5 (e) (1); *Valtchev v. City of New York*, 400 Fed. Appx. 586, 588 (2d Cir. Nov. 15, 2010) (summary order); *Butts v. City of New York Dept. of Hous.*, 990 F.2d 1397, 1401 (2d Cir. 1993). Because plaintiff filed her complaint with the EEOC on August 25, 2020, under the 300-day rule, acts occurring prior to October 30, 2019, are not actionable.

Here, plaintiff's claims that the State Court Defendants failed to investigate and take corrective action in response to her complaints about Justice Rosenbaum is based on three discrete events. In 2007, she submitted a complaint to the OMIG, but received no response. Morales Dec. Ex. A [¶ 54]. Eleven years later, in 2018, she submitted a complaint to OMIG, but received no response. Morales Dec. Ex. A [¶¶ 74 – 76]. Sometime after the November 8, 2019, plaintiff advised the State Court Defendants that she was suffering physical symptoms as a result of a hostile work environment created by Justice Rosenbaum, which led to an investigation by OMIG and the Commission on Judicial Conduct. Morales Dec. Ex. A [¶¶ 100 - 102, 105 – 106, 109 – 111, and 119]. Because plaintiff's complaints in 2007 and 2018 involve acts alleged to have occurred before the October 30, 2019, plaintiff's claims based on these events are time-barred, and should be dismissed.

For the reasons stated below, plaintiff's remaining claim that the State Court

Defendants failed to investigate and take corrective action with respect to her November 8, 2019 complaint should be dismissed.

## C. Plaintiff's Claim that the State Court Defendants Failed to Address Her November 2019 Complaint Fails to State a Cause of Action Because Plaintiff is Not an Employee Under Title VII, and Therefore without Standing to Assert that Claim

While Title VII makes it unlawful for an employer to discriminate against an employee on the basis of sex, see 42 U.S.C. § 2000e-2 (a) (1), Title VII expressly exempts from the definition of employee "any person chosen" by a "person elected to public office in any state" to be on said elected official's personal staff, provided the personal appointee is not "subject to civil service laws of a State government." 42 U.S.C. § 2000e (f). Applying these elements, a New York federal court found that the personal secretary to a New York State Supreme Court Justice qualifies for the personal staff exemption under Title VII, and, based on that exemption, dismissed the plaintiff secretary's hostile work environment claim against UCS. *See Bland v. State of New York,* 263 F. Supp. 2d 526 (E.D.N.Y. 2003). Given that that the secretarial position in *Bland i*s identical to plaintiff's position with Justice Rosenbaum, *Bland* applies with equal force to plaintiff's claims in this action.

As in *Bland*, plaintiff was a personal appointee of an elected state official and, in that capacity, was not subject to civil service protection. Justice Rosenbaum was elected office of Supreme Court Justice and served in that elected office from January 1, 2006

through December 31, 2019. Morales Dec. Ex. B. Plaintiff was appointed by Justice Rosenbaum to the position of Secretary to Judge, Morales Dec. Ex. B, and served in that position from May 23, 2005 through December 31, 2019. Morales Dec. Ex. A [ ¶¶ 22 - 23]. As secretary to a Supreme Court Justice, plaintiff provided "personal and legal secretarial services" to Justice Rosenbaum, Morales Dec. Ex. D, and served entirely at his pleasure. *See* N.Y. Jud. Law § 36 (1); 22 NYCRR § 80.1 (b) (3) (stating that the Chief Administrator of state courts can appoint and remove all nonjudicial officers except "personal assistants who serve as law clerks . . . secretaries to judges and justice"). Finally, because Secretary to Judge is an exempt-confidential position, Morales Dec. Ex. D, plaintiff was not subject to the civil service rules and regulations applicable to state court employees. *See* 22 NYCRR § 25.29 (a) (exempting, by exclusion, exempt and confidential employees from obtaining civil service tenure protection). In short, plaintiff is exempt from Title VII coverage. Because plaintiff lacks standing under Title VII to hold the State Court Defendants responsible for failing to address her complaints of discrimination in 2007, 2018, and 2019, the complaint should be dismissed.

In sum, plaintiff's claims against the State Court Defendants based on her complaints in 2007, 2018, and 2019 are not actionable under Title VIII because her claims based on her 2007 and 2018 complaints are barred by the statute of limitations and because, in any event, she has no standing to assert a claim based on the 2007, 2018, and 2019 complaints. Accordingly, the complaint should be discriminated.

POINT II

THE COURT LACKS SUBJECT MATTER JURISDICTION TO ENTERTAIN PLAINTIFFS' CLAIMS AGAINST THE STATE COURT DEFENDANTS UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

UCS is the judicial branch of New York state government. N.Y. Const. art VI, § 1. Supreme Court is a constituent court of UCS. N.Y. Const. art. VI, §§ 1 and 7. OCA is the administrative arm of UCS. N.Y. Jud. Law § 212 (1) (b). OMIG is a department of UCS. Morales Dec. ¶ 6. The Eleventh Amendment of the United States Constitution bars "federal jurisdiction over suits against nonconsenting States." U.S. Const. amend. XI; *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). *See also Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-102 (1984) (Eleventh Amendment immunity applies to claims for both monetary and injunctive relief). For the reasons stated below, because the State Court Defendants have not waived their immunity under the Eleventh Amendment or consented to being sued in federal court for alleged violations of the NYSHRL, plaintiff is barred from asserting those claims against those defendants.

It is well-established that the Eleventh Amendment is applicable to all claims brought against a state, its officers, and agencies in federal court under the NYSHRL. *See, e.g., Hover v. New York State Office for People with Developmental Disabilities*, 2018 WL 3025038 (N.D.N.Y. Jun. 18, 2018); *Schwartz v. New York Insur. Fund,* 2018 WL 3442962 (S.D.N.Y. July 7, 2018); *Deadwiley v. New York State Office of Children & Family Serv.,* 97 F. Supp. 3d 110 (E.D.N.Y. 2015).

Moreover, courts have consistently held that UCS, OCA, the State Supreme Court, and the UCS's Inspector General's Office are arms of the state protected by Eleventh Amendment immunity. *See Gollomp v. Spitzer*, 568 F.3d 355, 365 - 369 (2d Cir. 2009) (UCS) (listing cases); *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 414 (2d Cir. 1999) (OCA); *Bennett v. Supreme Court*, 2019 WL 1897275, at *1 (S.D.N.Y. Apr. 26, 2019) (Supreme Court); *Carp v. Supreme Court*, 1998 WL 236187, at *2 (N.D.N.Y. May 5, 1998) (Supreme Court); *Abdul-Malik v. Office of Court Admin.*, 2019 WL 359985, at *3 (E.D.N.Y. Jan. 29, 2019) (UCS Inspector General's Office). In as much as neither the State of New York, UCS, OCA, Supreme Court, or OMIG have consented to suit in federal court for violations of state law, *see Hover v. New York State Office for People with Developmental Disabilities*, *supra*; *Schwartz v. New York Ins. Fund, supra*; *Deadwiley v. New York State Office of Children & Family Serv., supra*, plaintiff is precluded from asserting claims against the State Court Defendants for violation of the NYSHRL. These claims therefore should be dismissed.

CONCLUSION

THE STATE COURT DEFENDANTS' MOTION TO DISMISS THE COMPLAINT SHOULD BE GRANTED

Dated: November 10, 2021
New York, New York

**EILEEN D. MILLETT**

Counsel, Office of Court Administration
New York State Unified Court System
25 Beaver Street - 11th Floor
New York, New York 10004
(212) 428-2150

Attorney for Defendants
Monroe County Supreme Court, New York State Unified Court System, Office of Court Administration, and Office of the Managing Inspector General for Bias Matters

By: _/s/ Pedro Morales_
Pedro Morales, Esq.
Of Counsel

PEDRO MORALES
Of Counsel