# A<span>NNA</span> M<span>ARIE</span> R<span>ICHMOND</span>
### A<span>TTORNEY AT</span> L<span>AW</span>

*Via cm/ecf*

July 13 2022

Honorable John L. Sinatra, Jr.
U.S. District Judge
2 Niagara Square
Buffalo, NY  14202

Re:   Klymn v. Monroe County Supreme Court, et al., 21-cv-6488 JLS

Dear Judge Sinatra:

On behalf of co-counsel Lindy Korn, Esq., and myself, I write to bring to your attention a recent decision of the US Court of Appeals for the Second Circuit that we believe provides guidance on the question of Plaintiff's claim against Defendants Unified Court System, Office of Court Administration and  Monroe County Supreme Court.

On March 7, 2022, the Court rendered a decision in *Felder v. United States Tennis Ass'n*, 27 F. 4th 834.  At issue was "what a Title VII plaintiff must adequately allege to plead the existence of an employer-employee relationship pursuant the 'joint employer' doctrine." *Id.*, at 837-838.

The Court held:

> We will therefore find a *joint* employer relationship when two or more entities, according to common law principles, share significant control of the same employee.  This means that an entity other than the employee's formal employer has power to pay an employee's salary, hire, fire, or otherwise control the employee's daily employment activities, such that we may properly conclude that a constructive employer-employee relationship exists.  Because the  exercise of control is the guiding indicator, factors indicating a joint-employment relationship may vary depending on the case, and any "relevant factor[] may . . . be considered so long as [it is] drawn from the common law of agency that *Reid*  seeks to synthesize."  We are thus mindful that "all of the incidents of the relationship must be assessed and

---

2500 R<span>AND</span> B<span>UILDING</span>, 14 L<span>AFAYETTE</span> S<span>QUARE</span>     B<span>UFFALO</span>, NY 14203-1925
T<span>EL</span>:  716-854-1100   E<span>MAIL</span>:  <span>ANNAMARIERICHMONDESQ@GMAIL.COM</span>

W<span>WW</span>.<span>AMRICHMONDLAW</span>.<span>COM</span>

Hon. J. L. Sinatra, Jr.,
July 13, 2022
Page 2

weighed with no one factor being decisive.

*Felder v. United States Tennis Ass'n*, 27 F.4th 834, 843-44 (U.S. 2d Cir. 2022) (emphasis in original) (citing *Comm. for Creative Non-Violence v. Reid*, 490 US 730 (1989); other citations omitted).

The Court went on to note: "At the motion to dismiss stage, a plaintiff's burden to answer this question is not great. It must only be plausible and not merely speculative, that the USTA, as Felder's alleged joint employer, would have exercised significant control over the terms and conditions of his employment . . . " *Id.*, at 845.

We believe that the terms and conditions of Ms. Klymn's employment, including but not limited to her continued employment with the New York State Courts[1] after Defendant Rosenbaum's separation from employment, plausibly establish a joint employment relationship.

Thank you for your attention to this matter.

                                                                                    Very truly yours,

                                                                                    *Anna Marie Richmond*

                                                                                  Anna Marie Richmond

C (via CM/ECF):    M. Crain, Esq.
                           L. Korn, Esq.
                           H. McKay, Esq.
                           P. Morales, Esq.
                           T. O'Brien, Esq.
                           D. Rothenberg, Esq.
                           M. Rothenberg, Esq.

---

[1]. *See* Item 17-6, Nomination for Promotion dated 2/21/2020