UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

REBECCA KLYMN
                    Plaintiff,

                                                      21-cv-6488-JLS

            vs.

                                            PLAINTIFF'S MEMORANDUM OF LAW
MONROE COUNTY SUPREME COURT,                IN SUPPORT OF MOTION TO FILE AN
ET AL.,                                            AMENDED COMPLAINT
                    Defendants.


                            **INTRODUCTION**

        Currently pending before the Court in this action are motions to dismiss filed by all of the

Defendants.  As is set forth in detail below, Plaintiff seeks leave to file an amended complaint

that addresses certain of Defendants' objections to her original complaint.  For the reasons

discussed herein, Plaintiff's motion should be granted.


                    **FACTUAL AND PROCEDURAL BACKGROUND**

        This is a complaint for damages and injunctive relief, based upon Plaintiff's claims of

gender-based discrimination and sexual harassment in violation of Title VII, 42 USC § 1983 and

the New York Human Rights Law.  Plaintiff filed the complaint in this action on July 16, 2021,

(Item No. 1), and began service upon the named defendants on or about July 23, 2021.  (Items

Nos. 6-10).

        On August 18, 2021, the Attorney General, acting on behalf of all Defendants, filed a

motion on consent, requesting a consolidated deadline of November 12, 2021 for Defendants to

answer or otherwise respond to the Complaint.  (Item No. 14). The motion was granted, (Item

No. 15), and all of the defendants moved to dismiss.  (Items Nos. 17, 19, 21).  Oral argument was

heard on the motions on February 25, 2022, and the Court reserved decision on the motions.

(Item No. 33).

      Court-directed mediation was unsuccessful.  (Item No. 39).

## LEGAL ARGUMENT

### A.  Rule 15(a) Favors Granting Plaintiff's Motion

      Fed. R. Civ. P. 15(a)(2) provides that a Court may, "a party may amend its pleading only

with the opposing party's written consent or the court's leave.  The court should freely give leave

when justice so requires."  The Court of Appeals for the Second Circuit has interpreted the

requirement that the Court grant leave "when justice so requires" to permit amendment of a

complaint unless the Court finds: "[u]ndue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party . . . [or] futility of amendment." *Dougherty v. Town of N.

Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87-88 (2d Cir. 2002) (citing *Foman v. Davis,

371 U.S. 178, 182, (1962)).

      Plaintiff has submitted a "redline" copy of her proposed amended complaint as Exhibit B.

As an examination of that document reveals, the proposed amended complaint adds no new

causes of action; it merely corrects a typographical error in the second cause of action, and adds

two clarifying paragraphs to her first cause of action, addressing the liability of the institutional

defendants under Title VII.  Similarly, the proposed added paragraphs to the "Parties" section of

the complaint address the legal responsibility of the institutional defendants, notwithstanding 42

USC § 2000e(f).  (We elaborate on this issue *below.*)  Additionally, Plaintiff has added eleven paragraphs of factual allegations to the "Facts" section of the Complaint.  These allegations describe the extent and duration of Defendant Rosenbaum's abuse of Plaintiff; clarify the factual basis for Plaintiff's claims against Defendants Taddeo, Allen, Office of the Inspector General, Grant, Pawelczak and Aufleger; describe Plaintiff's injuries resulting from Defendants' actions; and describe the events that post-date the filing of the Complaint in this action.

Where, as here, a motion to dismiss is pending at the time Plaintiff moves to file an amended complaint, "a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (EDNY 2016) (citations omitted). Here, as in *Conforti,* the Court has the option of granting Plaintiff's motion to amend and treating the proposed amended complaint as the operative pleading for purposes of deciding the motion to dismiss. *Boehner v. City of Rochester*, No. 21-CV-6574-FPG, 2022 U.S. Dist. LEXIS 116332, at *8-9 (WDNY June 30, 2022).

B. **Defendants Unified Court System, Office of Court Administration and Monroe County Supreme Court are Joint Employers of Plaintiff Under Title VII**.

Defendants Unified Court System, Office of Court Administration and Monroe County Supreme Court have argued that they were not Plaintiff's employers for purposes of Title VII, citing 42 USC § 2000e(f), the provision of the statute that exempts "personal employees" of elected state officials from the protections of the law.  Plaintiff argued in response that those defendants were joint employers with Defendant Rosenbaum, citing *Bland v. New York*, 263 F. Supp. 2d 526, 546 (E.D.N.Y. 2003) for the proposition that the Office of Court Administration is potentially liable to Plaintiff for having failed to implement adequate sexual harassment training

and awareness programs, and for having failed to establish adequate avenues of complaint.  (Item

No. 26, pp.8-11).

On March 7, 2022, the Court of Appeals for the Second Circuit issued a decision

addressing the existence of an employer-employee relationship pursuant to the "joint employer"

doctrine.  The Court held:

> We will therefore find a *joint* employer relationship when two or
> more entities, according to common law principles, share
> significant control of the same employee.  This means that an
> entity other than the employee's formal employer has power to pay
> an employee's salary, hire, fire, or otherwise control the
> employee's daily employment activities, such that we may
> properly conclude that a constructive employer-employee
> relationship exists.  Because the  exercise of control is the guiding
> indicator, factors indicating a joint-employment relationship may
> vary depending on the case, and any "relevant factor[] may . . . be
> considered so long as [it is] drawn from the common law of agency
> that *Reid*  seeks to synthesize."  We are thus mindful that "all of
> the incidents of the relationship must be assessed and weighed with
> no one factor being decisive.

*Felder v. United States Tennis Ass'n*, 27 F.4th 834, 843-44 (U.S. 2d Cir. 2022) (emphasis in

original) (citing *Comm. for Creative Non-Violence v. Reid*, 490 US 730 (1989); other citations

omitted).  The Court's holding is particularly apt because it was addressing a motion to dismiss

on the pleadings.  In this context the Court held:

> At the motion to dismiss stage, a plaintiff's burden to answer this
> question is not great. It must only be plausible and not merely
> speculative, that the USTA, as Felder's alleged joint employer,
> would have exercised significant control over the terms and
> conditions of his employment.

*Id.*, at 845.  Here, the proposed amended complaint adds explicit allegations addressing the joint

employer standards of *Bland* and *Felder.*  Thus, the filing of the proposed amended complaint

will squarely place Plaintiff's allegations with respect to OCA, UCS and Monroe County

Supreme Court before this Court, and enable the Court to evaluate her claims against these defendants based upon the allegations of the pleadings, and in the light most favorable to the non-moving party.

### C.  **Defendants Will Not Suffer Prejudice if the Motion is Granted**

This matter is at a preliminary stage:  there has been no discovery conducted by any party, and the Court has not set a Case Management Order in place. The Court has the flexibility to decide how best to address the pending motion to dismiss and the instant motion, as suggested by the *Conforti* and *Boehner* Courts.  The proposed amended complaint clarifies Plaintiff's theories of the case; granting the motion will enable the parties and the Court to better focus their analyses, and render the litigation of the case more efficient.

### CONCLUSION

For the reasons discussed herein, Plaintiff respectfully requests permission to file an amended complaint in this action.

Dated:          August 4, 2022
               Buffalo, NY


Respectfully submitted,


   /s/ Lindy Korn                              /s/ Anna Marie Richmond
LINDY KORN, ESQ.                        ANNA MARIE RICHMOND, ESQ.
The Law Office of Lindy Korn, LLP       2500 Rand Building
535 Washington Street, Ninth Floor      14 Lafayette Square
Buffalo, NY  14203                      Buffalo, NY  14203
716-856-5676                            716-854-1100
lkorn@korn-law.com                      annamarierichmondesq@gmail.com