UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REBECCA KLYMN,

                        Plaintiff,

              - against -                    21 CV 06488 (JLS)

MONROE COUNTY SUPREME COURT,
UNIFIED COURT SYSTEM OF THE STATE
OF NEW YORK, OFFICE OF COURT
ADMINISTRATION, OFFICE OF THE MANAGING
INSPECTOR GENERAL FOR BIAS MATTERS,
COSMAS GRANT, RONALD PAWELCZAK,
MARY AUFLEGER, ANN TADDEO, CAROLYN
GRIMALDI, MARGE ALLEN, AMY FIELDS
AND MATTHEW ROSENBAUM,

                      Defendants.
_____


**THE STATE COURT DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND THE COMPLAINT**


                                              **ANTHONY R. PERRI**

                                              Acting Counsel, Office of Court Administration
                                              New York State Unified Court System
                                              25 Beaver Street - 11th Floor
                                              New York, New York 10004
                                              (212) 428-2150

                                              Attorney for Defendants Monroe County
                                                Supreme Court, New York State Unified Court
                                              System,  Office of Court Administration, and
                                              Office of the Managing Inspector General for
                                              Bias Matter

PEDRO MORALES
   Of Counsel

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

ALLEGATIONS IN THE PROPOSED AMENDED COMPLAINT .............................. 1

ARGUMENT ................................................................................................ 5

    THIS COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND THE COMPLAINT WHERE PLAINTIFF'S PROPOSED AMENDMENT IS SUBJECT TO DISMISSAL UNDER FED. R. CIV. P. 12 (B) FOR FAILING TO STATE A CAUSE OF ACTION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND FOR BEING BARRED BY THE ELEVENTH AMENDMENT AND IS THEREBY FUTILE ................................................................................ 5

      A. Standard of Review on Rule 15 (a) (2) Motion ........................................ 5

      B. Plaintiff's Motion for Leave to Amend the Complaint Should be Denied because the Proposed Amendment is Futile .............................. 6

CONCLUSION ........................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 6
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................. 5
*Bland v. New York*, 263 F. Supp. 2d 526 (E.D.N.Y. 2003) ................................... 9
*Casten v. DuPont Demours, Inc.*, 2021 WL 4160367 (W.D.N.Y. Sep. 14, 2021) ............. 5
*Cusack v. Delphi Corp.*, 686 F.Supp.2d 254 (W.D.N.Y. 2010) .............................. 5
*Felder v. United States Tennis Ass'n*, 27 F.4th 834 (2d Cir. 2022) ....................... 8
*Jordan v. N.Y.C. Dept. of Labor*, 811 Fed. Appx. 58 (2d Cir. 2020) (Summary Order) .... 5
*Kern v. City Rochester*, 93 F.3d 38 (2d Cir. 1996) ................................................ 7
*Lees v. Graduate Center, City University of New York*, 696 Fed. Appx. 530 (2d Cir. 2017) (Summary Order) ................................................................. 5
*Newman & Schwartz v. Aspundh Tree Expert, Co., Inc.*, 102 F.3d 660 (2d Cir. 1996) ...... 6
*Van Wade v. St. Paul Boulevard Fire Dist.*, 2022 WL 486911 (W.D.N.Y. Feb. 17, 2022) 6

**Statutes**

42 U.S.C. § 2000e ................................................................................................ 7
42 U.S.C. § 2000e-5 ............................................................................................. 7
Fed. R. Civ. P. 15 (a) (2) ...................................................................................... 5
Judiciary Law § 36 (1) ......................................................................................... 8

**Regulations**

22 NYCRR 80.1 (b) (3) ........................................................................................ 8

## PRELIMINARY STATEMENT

Defendants Monroe County Supreme Court, New York State Unified Court System, Office of Court Administration, and Office of the Managing Inspector General for Bias Matters ("Supreme Court," "UCS," "OCA," "OMIG," respectively, and, collectively, "State Court Defendants") submit this memorandum of law in opposition to plaintiff Rebecca Klymn's motion pursuant to Fed. R. Civ. P. 15 (a) (2) for leave to amend the complaint. The amendment proposed by plaintiff is futile. Even amended, the proposed complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12 (b) (1) and (6) on the grounds that plaintiff's (i) claims under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 ("Title VII) are barred by the applicable statute of limitations and plaintiff lacks standing to assert them against the State Court Defendants, and (ii) claims for relief under the New York State Human Rights Law, Executive Law §§ 290-297 ("NYSHRL") are barred by the Eleventh Amendment of the United States Constitution. Accordingly, plaintiff's motion for leave to amend the complaint should be denied.

## ALLEGATIONS IN THE PROPOSED AMENDED COMPLAINT

The proposed amended complaint, which is annexed as Exhibit "A" to the Affirmation of Anne Marie Richmond, dated August 4, 2022 9 (ECF Doc. 42-1) ("Richmond Affrm."), alleges the following:

Plaintiff was employed by defendant Supreme Court Justice Matthew

Rosenbaum from May 2005 through December 31, 2019, when Justice Rosenbaum resigned from the bench. Richmond Affrm. Ex. A [¶¶ 26 - 27 and 107]. During the period wherein she served as the personal appointee of Justice Rosenbaum, Justice Rosenbaum subjected plaintiff to the following actions:

From 2005 through 2009, plaintiff was compelled to submit to the unwelcome, uninvited sexual overtures by the Justice. Justice Rosenbaum repeatedly forced plaintiff to perform sexual acts on him and on one occasion, sexually assaulted plaintiff in her home. She submitted to Justice Rosenbaum's sexual demands because justice Rosenbaum stated that it was a condition of her employment and if she refused she would lose her job as well as the custody of her son. Richmond Affrm. Ex. A [¶¶ 28 – 32, 35 - 40, 43 - 45, 70 - 72 and 76 - 78]. Justice Rosenbaum's sexual treatment of plaintiff ended in 2009 when complainant informed Justice Rosenbaum that she would no longer participate in the sexual acts. Richmond Affrm. Ex. A [¶ 82].

From 2005 through 2019, Justice Rosenbaum addressed plaintiff using denigrating terms, commented inappropriately on her clothing, and without plaintiff's consent, hugged plaintiff in the presence of third parties, addressing her as "sweetie" and "honey." Richmond Affrm. Ex. A [¶¶ 33 - 34, 41- 42, 74 - 75, 80 - 81, 83 - 84 and 92 - 93]. From 2005 through 2019, Justice Rosenbaum required plaintiff, during working hours, to perform personal errands for himself, his family, and his synagogue. Richmond Affrm. Ex. A [¶¶ 46, 73 - 79, 85 and 94].

Plaintiff made three attempts to complain about Justice Rosenbaum's treatment of her. In November 2007, plaintiff prepared a written complaint of discrimination, and mailed it to the OMIG. Richmond Affrm. Ex. A [¶ 54]. Plaintiff did not receive a response. Richmond Affrm. Ex. A [¶ 55]. In January 2018, plaintiff completed a discrimination complaint form, submitted it to the OMIG, but did not receive a response. Richmond Affrm. Ex. A [¶¶ 88 – 90].

On October 29, 2019, after Justice Rosenbaum refused to grant plaintiff a leave of absence, Richmond Affrm. Ex. A [¶¶ 111 – 112], plaintiff submitted to Supreme Court's human resources office a request for a leave of absence pursuant to the Family Medical Leave Act. Richmond Affrm. Ex. A [¶ 113]. In her request, plaintiff indicated that she required the leave to treat the "physical symptoms arising from stress due to a hostile work environment." *Id.* The human resources office advised UCS's Work-Safe Office of plaintiff's claim of a hostile work environment. Richmond Affrm. Ex. A [¶ 116]. On or about November 9, 2021, at the request of the Work-Safe Office, plaintiff supplied a written description of her treatment by Justice Rosenbaum. Richmond Affrm. Ex. A [¶ 118]. Plaintiff's narrative was forwarded to OMIG and the Commission on Judicial Conduct, both of which commenced an investigation of plaintiff's claim of hostile work environment. Richmond Affrm. Ex. A [¶¶ 120, 123 – 126, 128, and 137]. On December 28, 2019, plaintiff was informed by the Commission on Judicial Conduct that Justice Rosenbaum had agreed to resign from his office. Richmond Affrm. Ex. A [¶ 126].

3

After Justice Rosenbaum's resignation from office on December 31, 2019, plaintiff was appointed to the Court Analyst title. The appointment was made by UCS's Chief Administrative Judge, effective January 1, 2020. Declaration of Pedro Morales, dated November 9, 2021 ("Morales Dec.") ¶¶ 7, 13 – 14; Ex. E.

On August 25, 2020, plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge alleging that Supreme Court violated Title VII when Justice Rosenbaum treated her in an inappropriate manner and failed to take corrective action in response to her complaints about Justice Rosenbaum. Morales Dec. Exs. G and I; Richmond Affrm. Ex. A [¶¶5 and 138]. On May 20, 2021, the EEOC issued a right-to-sue letter to plaintiff. Morales Dec. Ex. H; Richmond Affrm. Rx. A [¶ 6].

In the proposed complaint, plaintiff states that based on the preceding she is entitled to relief against the State Court Defendants under Title VII and NYSHRL for failing to investigate, and take corrective action, concerning her treatment by Justice Rosenbaum. Richmond Affrm. Ex. A [¶¶ 170 – 171, and 183 – 192].

ARGUMENT

THIS COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND THE COMPLAINT WHERE PLAINTIFF'S PROPOSED AMENDMENT IS SUBJECT TO DISMISSAL UNDER FED. R. CIV. P. 12 (B) FOR FAILING TO STATE A CAUSE OF ACTION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND FOR BEING BARRED BY THE ELEVENTH AMENDMENT AND IS THEREBY FUTILE

A. **Standard of Review on Rule 15 (a) (2) Motion**

Under Fed. R. Civ. P. 15 (a) (2), where a party seeks to amend a pleading more than 21 days after a Rule 12 (b) dismissal motion has been made, a party may amend the complaint upon leave of court. Fed. R. Civ. P. 15 (a) (2). Denial of leave to amend is proper where the proposed amendment would be futile. *Jordan v. N.Y.C. Dept. of Labor*, 811 Fed. Appx. 58, 60 (2d Cir. 2020) (Summary Order); *Lees v. Graduate Center, City University of New York*, 696 Fed. Appx. 530, 516 (2d Cir. 2017) (Summary Order). An amendment to a pleading is not permitted if the futility of the amendment is apparent from the proposed amendment's inability to withstand a motion to dismiss under Fed. R. Civ. P. 12 (b). *Casten v. DuPont Demours, Inc.*, 2021 WL 4160367, at *3 (W.D.N.Y. Sep. 14, 2021); *Cusack v. Delphi Corp.*, 686 F.Supp.2d 254, 258 (W.D.N.Y. 2010).

It is well-settled that, in addressing a motion to dismiss under Rule 12 (b) (6), the court must determine whether the complaint has plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On such a motion, the court must confine its consideration to the facts stated on the face of the complaint, the documents appended to the complaint or incorporated by reference, and matters subject to judicial notice. *Newman & Schwartz v. Aspundh Tree Expert, Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996).

### B. Plaintiff's Motion for Leave to Amend the Complaint Should be Denied because the Proposed Amendment is Futile

Plaintiff seeks leave to amend the petition while the State Court Defendants' fully briefed and argued motion to dismiss the current complaint is currently pending before this Court. *See* Richmond Affrm. ¶¶ 4 - 6. Because the proposed amendment to the complaint does not drastically change the allegations in the current complaint, and for procedural efficiency, this Court should evaluate the merits of the State Court Defendants' motion to dismiss as applied to the proposed complaint. *See Van Wade v. St. Paul Boulevard Fire Dist.*, 2022 WL 486911, at *3 (W.D.N.Y. Feb. 17, 2022). The Court is therefore respectfully referred to the State Court Defendants' initial Memorandum of Law, dated November 10, 2021 (ECF Doc. 17-10) ("Initial Mem."), Reply Memorandum of Law, dated January 20, 2022 ("Reply Mem.") (ECF Doc. 30), and Declaration of Pedro Morale, dated November 9, 2021 ("Morales Dec.") (ECF Doc. 17-1) originally submitted in support

6

of their motion to dismiss the complaint for a full statement of their position in favor of denial of the motion for leave to amend the complaint.

Plaintiff's proposed amendment to the complaint should be rejected as futile because it is subject to dismissal for the same fatal defects that prompted the State Court Defendants' motion to dismiss the original complaint. First, under the 300-day rule established by 42 U.S.C. § 2000e-5, plaintiff's Title VII claims based on the acts of the State Court Defendants alleged to have occurred prior to October 30, 2019 are time-barred. *See* Initial Mem., at pp. 6 - 7; Reply Mem., at pp. 2 - 4. Second, as to the claims based on acts alleged to have occurred after October 30, 2019, they should be dismissed because as a personal appointee of an elected official (Justice Rosenbaum), under 42 U.S.C. § 2000e, plaintiff is not a UCS employee and has no standing to assert them against the State Court Defendants. *See* Initial Mem., at pp. 6 - 8; Reply Mem., at pp. 5 - 6. Third, plaintiff's claims under the New York State Human Rights Law should be dismissed as barred by the Eleventh Amendment. *See* Initial Mem., at pp. 9 - 10; Reply Mem., at pp. 7 - 8.

Notwithstanding the preceding, plaintiff claims that she should be permitted to amend the complaint to proceed against the State Court Defendants because UCS is a joint employer of plaintiff under Title VII. This claim is without merit.

It is well-settled that an entity is an employer under Title VII where the entity "significantly affects the access of the individual to employment opportunities" through the power to hire and fire, supervise the work and working conditions, and determine the salary of the individual. *Kern v. City Rochester*, 93 F.3d 38, 44 – 55 (2d Cir. 1996); *Felder*

*v. United States Tennis Ass'n*, 27 F.4th 834 (2d Cir. 2022), upon which plaintiff relies, is entirely consistent with this basic requirement. In *Felder*, the Second Circuit held that in order to plausibly allege a joint-employment relationship with an entity, plaintiff must allege facts indicating that the entity is conducting itself as plaintiff's employer, i.e., exercising significant control over the terms and conditions of plaintiff's employment, such as having the power to pay, hire and fire the plaintiff. *Felder*, 27 F.34th at 844. Under this standard, plaintiff has not -- and cannot -- plausibly allege facts showing any of the State Court Defendants conducted themselves as plaintiff's employer during the period of 2005 through 2019.

Specifically, during this period, the State Court Defendants did not have the power to hire or fire, or supervise plaintiff's work or working conditions. Justice Rosenbaum did. Pursuant by Judiciary Law § 36 (1), Justice Rosenbaum appointed plaintiff to the position of Secretary to Judge. Morales Dec. Ex. B. Under that appointment, plaintiff served in that position from May 23, 2005 through December 31, 2019, when Justice Rosenbaum resigned. Richmond Affrm. Ex. A [ ¶¶ 26 - 27]. As secretary to a Supreme Court Justice, plaintiff provided "personal and legal secretarial services" to Justice Rosenbaum, subject to his direct supervision, Morales Dec. Ex. D, and served entirely at his pleasure. *See* Judiciary Law § 36 (1). Moreover, UCS is denied the authority to hire or fire individuals -- like plaintiff – who serve as personal secretary to a Supreme Court Justice. *See* 22 NYCRR 80.1 (b) (3) (stating that the Chief Administrator of state courts can appoint and remove all nonjudicial officers except "personal assistants who

serve as law clerks . . . secretaries to judges and justice"). Indeed, the Court in *Bland v. New York*, 263 F. Supp. 2d 526, 537 (E.D.N.Y. 2003), found that UCS did not exert sufficient control over the terms and conditions governing the work of a personal secretary to a Supreme Court Justice -- the position held by plaintiff from 2005 through 2029 -- to establish UCS as her employer under Title VII. *See* 264 F. Supp. 2d at 537 (finding that UCS did not pay the secretary's salary or have any role in determining the secretary's job responsibilities, performance evaluation, tenure, discipline, or work and vacation schedule). Not only does the proposed amended complaint fail to allege any facts that contradict the preceding, the proposed amended complaint fails to allege any facts indicating that UCS or any other of the State Court Defendants significantly controlled plaintiff's work and working condition as Secretary to a Judge from 2005 through 2019, sufficient to warrant treating them as plaintiff's employer under Title VII. Under these circumstances, leave to amend the complaint is not warranted.

In sum, the proposed amended complaint fails to plausibly allege that the State Court Defendants, as plaintiff's employer, failed to take corrective action. Accordingly, plaintiff's motion for leave to amend the complaint should be denied.

## CONCLUSION

PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED

Dated: August 19, 2022
New York, New York

**ANTHONY R. PERRI**

Acting Counsel,
 Office of Court Administration
New York State Unified Court System
25 Beaver Street - 11th Floor
New York, New York 10004
(212) 428-2150

Attorney for Defendants
 Monroe County Supreme Court, New York State Unified Court System, Office of Court Administration, and Office of the Managing Inspector General for Bias Matters

By: /s/ Pedro Morales

Pedro Morales, Esq.
Of Counsel

PEDRO MORALES
Of Counsel