UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

REBECCA KLYMN
                Plaintiff,

vs.

MONROE COUNTY SUPREME COURT,
ET AL.,
                Defendants.

21-cv-6488-JLS

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSES TO MOTION TO FILE AN AMENDED COMPLAINT

**INTRODUCTION**

In response to Plaintiff's motion to file an amended complaint in the within matter, Defendants Grant, Pawelczak, Aufleger, Taddeo, Grimaldi, Allen, Fields and Rosenbaum have taken no position and defer to the Court's judgment. (Items Nos. 44 and 45). Defendants Monroe County Supreme Court, NYS Unified Court System ("UCS"), Office of Court Administration ("OCA"), and Office of the Managing Inspector for Bias Matters (:OIG") (together, "the State Court Defendants") have opposed the motion, arguing that the proposed amendment would be futile as a matter of law. (Item No. 46).

For the reasons discussed *herein*, the State Court Defendants' arguments must be rejected, Plaintiff's motion should be granted, and Plaintiff should be permitted to put her case to the proof via the discovery process.

**FACTUAL ALLEGATIONS CLARIFIED**

The State Court Defendants have mischaracterized two key factual allegation of Plaintiff's Proposed Amended Complaint in their summary of the document's allegations on

pages 1 through 4 of their Memorandum of Law.[1]

Defendants cite ¶¶ 26-27 and 107 of the Proposed Amended Complaint for the assertion that Plaintiff was employed by Defendant Rosenbaum. Plaintiff has alleged repeatedly that she was an employee of Defendants UCS, OCA and Monroe County Supreme Court. Item 42-3, ¶¶ 12, 26, as well as of Defendant Rosenbaum. *Id*., ¶¶ 28.

Defendants also assert that Plaintiff "made three attempts to complain about Justice Rosenbaum's treatment of her." Item 46 p. 3. It is true that Plaintiff alleged she complaint to OIG on three separate occasions, twice without receiving a response. Item 42.3, ¶¶ 68-70, 90-92, 122, 124. However, Plaintiff also alleged numerous additional attempts to complain about Defendant Rosenbaum's actions to numerous other Defendants, many of whom, she alleged, were obligated to notify OIG of her complaints and failed to do so. *Id.*, ¶¶ 54-67, 98-101, 104-106.

**LEGAL ARGUMENT**

The standards governing motions to amend a complaint are well-established. A court must "freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2). As the Vermont District Court Judge Christina Reiss, sitting by designation in the Western District of New York recently observed: "Because 'outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts[,]' (citation omitted), 'permission to amend a complaint at least once is normally given.'" *Varecka v. CSX Transp., Inc.*, No. 1:21-cv-00876, 2022 U.S. Dist. LEXIS 97320, at *18 (W.D.N.Y. May 31, 2022) (citing *Stern v. Gen. Elec. Co.*, 924 F.2d 472,

---

[1]. Defendants have also systematically mis-cited to paragraphs of the Proposed Amended Complaint, specifically references to ¶¶ 28 33, 41, 70, 73, 74, 80, 83, 85, 92, and 94 on page 2 of their brief; references to ¶¶ 54, 55, 88-90, 111-112, 113, 116, 118, 120, 123-126, and 126 on page 3 of their brief; and references to references to ¶¶ 170-171 and 183-192 on page 4 of their brief. Item 46, pp. 2-4.

477 (2d Cir. 1991); *Bozeman v. Rochester Tel. Corp.*, 205 F.3d 1321 (2d Cir. 2000)).

### A. The Proposed Amended Complaint States Plausible Claims Against the State Court Defendants

Plaintiff will not restate here the arguments she previously articulated regarding her claim of a continuing violation, and her argument that the Eleventh Amendment does not bar her Human Rights Law claim. Instead, she will focus on her claim that the State Court Defendants were, at all relevant times, joint employers with Defendant Rosenbaum for purposes of Title VII.

The State Court Defendants rely on the provisions of Judiciary Law § 36(1) and 42 USC § 2000e(f) for the proposition that Plaintiff was solely an "employee" of Defendant Rosenbaum. In so doing, they ignore the facts alleged in Plaintiff's complaint, which must be construed in the Plaintiff's favor, and taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974); *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991).

Plaintiff has cited *Bland v. New York*, 263 F. Supp. 2d 526, 546 (EDNY 2003) for the proposition that the Office of Court Administration is potentially liable to Plaintiff for having failed to implement adequate sexual harassment training and awareness programs, and for having failed to establish adequate avenues of complaint. (Item No. 26, pp.8-11). Plaintiff has also argued that *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 843-44 (U.S. 2d Cir. 2022) stands for the proposition that the State Court Defendants can be held liable as joint employers with Defendant Rosenbaum.

In evaluating whether Plaintiff's proposed amendment is futile, the Court should be guided by the *Felder* Court's discussion of the United States Supreme Court's decision in *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992), specifically the Court's caution: "Since the common-law test contains "no shorthand formula or magic phrase that can be applied

3

to find the answer, . . . all of the incidents of the relationship must be assessed and weighed with no one factor being decisive." *Id.,* at 324 (citing *NLRB v. United Ins. Co. of America*, 390 US 254, 258 (1968). Here, weighing all of the factors alleged in her complaint, and taking Plaintiff's factual allegations as true, Plaintiff has plausibly asserted the State Court defendants are liable to her, as joint employers with Defendant Rosenbaum, for having failed to implement adequate sexual harassment training and awareness programs, and for having failed to establish adequate avenues of complaint.

Defendants have cited NY Judiciary Law § 36(1) for the proposition that Plaintiff was an employee only of Defendant Rosenbaum. They fail to cite § 36(2) of the statute, which provides:

> Should a judge or justice of the unified court system cease to hold office for any reason other than expiration of his term, his personal assistants shall continue in office until a successor is appointed or elected to fill such vacancy. Until such vacancy is filled, the chief administrator of the courts shall determine the functions to be performed by such personal assistants.

NY CLS Jud § 36(2). The history of Plaintiff's employment with the State Court defendants establishes that she was not merely a personal assistant to Defendant Rosenbaum, but was an employee of the State Court defendants.

Plaintiff has alleged that Defendant Rosenbaum ceased to hold office by virtue of a resignation on or about December 28, 2019. She has also alleged that she continued to be employed to the present day, more than two years after the expiration of Defendant Rosenbaum's term. Moreover, the document that the State Court Defendants have submitted and repeatedly cited for the proposition that Plaintiff was appointed to the position of Court Analyst, Item 17-6, clearly identifies Plaintiff's appointment as a "promotion," and identifies her Employer since March of 2005 as "NYS Supreme Court."

Here, the proposed amended complaint adds explicit allegations addressing the joint

employer standards of *Bland, Felder* and *Darden*.  The proposed amended complaint squarely places Plaintiff's allegations with respect to the State Court defendants before this Court.  Equally as importantly, the question of whether the elements of Plaintiff's relationship with the State Court Defendants establish that they were a joint employer with Defendant Rosenbaum is a mixed question of law and fact that is not appropriate for resolution on a motion to dismiss on the pleadings.

Plaintiff must be allowed to proceed to discovery to gather sufficient evidence to establish that the State Court Defendants were, indeed, joint employers with Defendant Rosenbaum, and that they are liable for the harm she suffered.

## CONCLUSION

For the reasons discussed herein, Plaintiff respectfully requests permission to file an amended complaint in this action.

Dated:	August 26, 2022
	Buffalo, NY


Respectfully submitted,

  /s/ Lindy Korn	  /s/ Anna Marie Richmond
LINDY KORN, ESQ.	ANNA MARIE RICHMOND, ESQ.
The Law Office of Lindy Korn, LLP	2500 Rand Building
535 Washington Street, Ninth Floor	14 Lafayette Square
Buffalo, NY  14203	Buffalo, NY  14203
716-856-5676	716-854-1100
lkorn@korn-law.com	annamarierichmondesq@gmail.com