UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————————

REBECCA KLYMN,

                Plaintiff,

          - against -                        21 CV 06488 (JLS)

MONROE COUNTY SUPREME COURT,
UNIFIED COURT SYSTEM OF THE STATE
OF NEW YORK, OFFICE OF COURT
ADMINISTRATION, OFFICE OF THE MANAGING
INSPECTOR GENERAL FOR BIAS MATTERS,
COSMAS GRANT, RONALD PAWELCZAK,
MARY AUFLEGER, ANN TADDEO, CAROLYN
GRIMALDI, MARGE ALLEN, AMY FIELDS
AND MATTHEW ROSENBAUM,

                Defendants.

———————————————————————————

**SUPPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
THE STATE COURT DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P 12 (B) (1) AND (6)**

                **ANTHONY R. PERRI**
                 Acting Counsel
                 Office of Court Administration
                New York State Unified Court System
                25 Beaver Street - 11th Floor
                New York, New York 10004
                (212) 428-2150

                Attorney for Defendants Monroe County
                 Supreme Court, New York State Unified Court
                 System,  Office of Court Administration, and
                 Office of the Managing Inspector General for
                 Bias Matter

PEDRO MORALES
  Of Counsel

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................... 1

ALLEGATIONS IN THE AMENDED COMPLAINT .................................................................. 2

ARGUMENT ................................................................................................................................... 6

   PLAINTIFF FAILS TO SHOW THAT SHE HAS STATED
   A CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT
   OF 1964 AND THAT THIS COURT HAS SUBJECT
   MATTER JURISIDICTION TO HEAR HER CLAIM UNDER
   THE NEW YORK STATE HUMAN RIGHTS LAW .............................................................. 6

CONCLUSION .............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Bland v. New York*, 263 F. Supp. 2d 526 (E.D.N.Y. 2003) ............................................................ 8

*Felder v. United States Tennis Ass'n*, 27 F.4th 834 (2d Cir. 2022) ............................................... 7

*Kern v. City Rochester*, 93 F.3d 38 (2d Cir. 1996) ....................................................................... 7

*Paushok v. Ganbold,* 2022 WL 1421844 (2d Cir. 2022) ............................................................... 9

**Statutes**

42 U.S.C. § 2000e ........................................................................................................................... 6

42 U.S.C. § 2000e-5 ........................................................................................................................ 6

Judiciary Law § 36 (1) ............................................................................................................... 7, 8

Judiciary Law § 36 (2) .................................................................................................................... 9

**Regulations**

22 NYCRR 80.1 (b) (3) .................................................................................................................. 8

PRELIMINARY STATEMENT

Plaintiff Rebecca Klymn, a former personal secretary to defendant former Supreme Court Justice Matthew Rosenbaum has filed an amended complaint alleging  that defendants Monroe County Supreme Court, New York State Unified Court System, Office of Court Administration, and Office of the Managing Inspector General for Bias Matters ("Supreme Court," "UCS," "OCA," "OMIG," respectively, and, collectively, "State Court Defendants") discriminated against her based on her sex when they failed to investigate, and take corrective action concerning, her complaint that Justice Rosenbaum subjected her to a hostile work environment.  The amended complaint was filed on August 30, 2022 pursuant to the Order of this Court dated August 29, 2022 (Sinatra, J.) (ECF Doc. No. 48) which granted plaintiff leave to do so.

This supplemental memorandum of law is respectfully submitted in support of the State Court Defendants' motion, pursuant to Fed. R. Civ. P. 12 (b) (1) and (6), to (i) dismiss plaintiff's claims under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 ("Title VII) on the grounds that the claims are barred by the applicable statute of limitations and plaintiff lacks standing to assert them against the State Court Defendants, and (ii) dismiss plaintiff's claims for relief under the New York State Human Rights Law, Executive Law §§ 290-297 ("NYSHRL") on the grounds they are barred by the Eleventh Amendment of the United States Constitution.

Simply stated, the amended complaint remains impaired by the same defects that warranted dismissal of the original complaint, and should therefore also be dismissed.  For

a full statement of their position in favor of dismissal of the amended complaint, this Court is respectfully referred to the State Court Defendants' submissions in support of the motion to dismiss the original complaint:  the Initial Memorandum of Law, dated November 10, 2021 (ECF Doc. 17-10) ("Initial Mem."), Reply Memorandum of Law, dated January 20, 2022 ("Reply Mem.") (ECF Doc. 30), and Declaration of Pedro Morales, dated November 9, 2021 ("Morales Nov. 2021 Dec.") (ECF Doc. 17-1).  In order to facilitate the Court's immediate access to plaintiff's new pleading, a copy of the amended complaint is annexed to the Declaration of Pedro Morales, dated September 23, 2022 ("Morales. Sept. 2022 Dec.") as Exhibit A, which is being submitted with this memorandum.

The State Court Defendants submit this supplemental memorandum of law to address plaintiff's response to State Court Defendants' argument, as set forth in the State Court Defendants' Memorandum of Law, dated August 19, 2022 (ECF Doc. 46)) that even in its amended form the complaint fails should be dismissed.

## ALLEGATIONS IN THE AMENDED COMPLAINT

The amended complaint (Morales Sept. 2022 Dec. Ex. A) ("Amd. Compl.") alleges the following:

Plaintiff was employed by defendant Supreme Court Justice Matthew Rosenbaum from May 2005 through December 31, 2019, when Justice Rosenbaum resigned from the bench.  Amd. Compl., ¶¶ 26 - 28 and 128; Morales Nov. 2021 Dec., ¶¶ 7 and 13; Ex. B.  During the period wherein she served as the personal appointee of Justice

Rosenbaum, Justice Rosenbaum subjected plaintiff to the following actions:

From 2005 through 2009, plaintiff was compelled to submit to the unwelcome, uninvited sexual overtures by the Justice.  Justice Rosenbaum repeatedly forced plaintiff to perform sexual acts on him and on one occasion, sexually assaulted plaintiff in her home. She submitted to Justice Rosenbaum's sexual demands because Justice Rosenbaum stated that it was a condition of her employment and if she refused she would lose her job as well as the custody of her son.  Amd. Compl., ¶¶ 29 – 33, 36 - 41, 44 - 46, 71 - 72 and 77 - 79. Justice Rosenbaum's sexual treatment of plaintiff ended in 2009 when complainant informed Justice Rosenbaum that she would no longer participate in the sexual acts. Amd. Compl., ¶ 83.

From 2005 through 2019, Justice Rosenbaum addressed plaintiff using denigrating terms, commented inappropriately on her clothing, and without plaintiff's consent, hugged plaintiff in the presence of third parties, addressing her as "sweetie" and "honey." Amd. Compl., ¶¶ 34 - 35, 42- 43, 75 - 76, 81 - 82, 84 - 85 and 93 - 94.  From 2005 through 2019, Justice Rosenbaum required plaintiff, during working hours, to perform personal errands for himself, his family, and his synagogue. Amd. Compl., ¶¶ 47, 74 - 80, 86 and 95.

Plaintiff made several attempts to complain about Justice Rosenbaum's treatment of her.  In November 2007, plaintiff prepared a written complaint of discrimination, and mailed it to the OMIG.  Amd. Compl., ¶ 68.  Plaintiff did not receive a response.  Amd. Compl., ¶ 69.  In January 2018, plaintiff completed a discrimination complaint form, submitted it to the OMIG, but did not receive a response.  Amd. Compl., ¶¶ 90 – 91.

On October 29, 2019, after Justice Rosenbaum refused to grant plaintiff a leave of absence, Amd. Compl., ¶¶ 112 – 113, plaintiff submitted to Supreme Court's human resources office a request for a leave of absence pursuant to the Family Medical Leave Act. Amd. Compl., ¶ 114.  In her request, plaintiff indicated that she required the leave to treat the "physical symptoms arising from stress due to a hostile work environment." *Id.* The human resources office advised UCS's Work-Safe Office of plaintiff's claim of a hostile work environment. Amd. Compl., ¶ 117.  On or about November 8, 2021, at the request of the Work-Safe Office, plaintiff supplied a written description of her treatment by Justice Rosenbaum.  Amd. Compl., ¶¶ 118 - 121.  Plaintiff's narrative was forwarded to OMIG and the Commission on Judicial Conduct, both of which commenced an investigation of plaintiff's claim of hostile work environment.  Amd. Compl. ¶¶ 122 and 124 - 126.

In addition to the three instances where plaintiff submitted a complaint directly to the State Court Defendants, plaintiff complained about Justice Rosenbaum to UCS court personnel in the following instances:  (1) in November 2007, to defendant Allen who informed plaintiff that she would be fired if she filed a complaint against Justice Rosenbaum, Amd. Compl., ¶¶ 60 – 67; (2) in 2007 and 2010, to Robert Barnish who failed to facilitate plaintiff's transfer her to another position, Amd. Compl., ¶¶ 52 – 53 and 87 – 88; (3) in May 2007, to defendant Taddeo who failed to conduct sexual abuse training, Amd. Compl., ¶¶ 54 – 59, 98, and 101; (5) in July 2019, to defendant Pawelczak who failed to assist plaintiff with preparing a complaint to be submitted to OMIG, Amd. Compl., ¶¶ 98 – 100; and August 2019, to defendants Fields and Aufleger who failed to assist plaintiff with preparing a complaint to be submitted to OMIG.  Amd. Compl., ¶¶104 – 109.

4

On December 28, 2019, plaintiff was informed by the Commission on Judicial Conduct that Justice Rosenbaum had agreed to resign from his office.  Amd. Compl., ¶ 128.  After Justice Rosenbaum's resignation from office on December 31, 2019, plaintiff was appointed to the Court Analyst title. The appointment was made by UCS's Chief Administrative Judge, effective January 1, 2020.  Morales Nov. 2021 Dec., ¶¶ 7 and 13 – 14; Ex. E.

On August 25, 2020, plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge alleging that Supreme Court violated Title VII when Justice Rosenbaum treated her in an inappropriate manner and failed to take corrective action in response to her complaints about Justice Rosenbaum.  Morales Dec. Exs. G and I; Amd. Compl., ¶¶ 6 - 7 and 140.  On May 20, 2021, the EEOC issued a right-to-sue letter to plaintiff.  Morales Dec. Nov. 2021, Ex. H.

In the Amended Complaint, plaintiff states that based on the preceding she is entitled to relief against the State Court Defendants under Title VII and NYSHRL for failing to investigate, and take corrective action, concerning her treatment by Justice Rosenbaum. Amd. Compl., ¶¶ 162 – 173 and 185 – 194.

ARGUMENT

PLAINTIFF FAILS TO SHOW THAT SHE
HAS STATED A CLAIM UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 AND
THAT THIS COURT HAS SUBJECT
MATTER JURISIDICTION TO HEAR HER
CLAIM UNDER THE NEW YORK STATE
HUMAN RIGHTS LAW

Plaintiff's claims that the State Court Defendants discriminated against her by failing to take corrective action in response to her complaint concerning Justice Rosenbaum should be dismissed on several grounds. First, under the 300-day rule established by 42 U.S.C. § 2000e-5, plaintiff's Title VII claims based on the acts of the State Court Defendants alleged to have occurred prior to October 30, 2019 are time-barred. *See* Initial Mem., at pp. 6 - 7; Reply Mem., at pp. 2 - 4. Second, as to the claims based on acts alleged to have occurred on or after October 30, 2019, they should be dismissed because as a personal appointee of an elected official (Justice Rosenbaum), under 42 U.S.C. § 2000e, plaintiff is not a UCS employee and has no standing to assert them against the State Court Defendants. *See* Initial Mem., at pp. 6 - 8; Reply Mem., at pp. 5 - 6. Third, plaintiff's claims under the New York State Human Rights Law should be dismissed as barred by the Eleventh Amendment. *See* Initial Mem., at pp. 9 - 10; Reply Mem., at pp. 7 - 8.

Notwithstanding the preceding, plaintiff claims that she should be permitted to amend the complaint to proceed against the State Court Defendants because UCS is a joint employer of plaintiff under Title VII. *See* Plaintiff's Memorandum of Law in Support of Motion for Leave to Amend, dated August 4, 2022 (ECF Doc. 42-4), at pp. 3- 4; Reply

Memorandum in Further Support of Motion for Leave to Amend, dated August 26, 2022 (ECF Doc. 47), at pp. 3- 4.  This claim is without merit.

It is well-settled that an entity is an employer under Title VII where the entity "significantly affects the access of the individual to employment opportunities" through the power to hire and fire, supervise the work and working conditions, and determine the salary of the individual.  *Kern v. City Rochester*, 93 F.3d 38, 44 – 55 (2d Cir. 1996).  *Felder v. United States Tennis Ass'n*, 27 F.4th 834 (2d Cir. 2022), upon which plaintiff relies, is entirely consistent with this basic requirement.  In *Felder*, the Second Circuit held that in order to plausibly allege a joint-employment relationship with an entity, plaintiff must allege facts indicating that the entity is conducting itself as plaintiff's employer, i.e., exercising significant control over the terms and conditions of plaintiff's employment, such as having the power to pay, hire and fire the plaintiff.  *Felder*, 27 F.4th at 844.  Under this standard, plaintiff has not -- and cannot -- plausibly allege facts showing UCS or any of the other State Court Defendants conducted themselves as plaintiff's employer during the period of 2005 through 2019 when she was subjected to a hostile work environment by Justice Rosenbaum.

Specifically, during this period, the State Court Defendants did not have the power to hire or fire, or supervise plaintiff's work or working conditions.   Justice Rosenbaum did.  Pursuant to Judiciary Law § 36 (1), Justice Rosenbaum appointed plaintiff to the position of Secretary to Judge. Morales Nov. 2021 Dec. Ex. B.   Under that appointment, plaintiff served in that position from May 23, 2005 through December 31, 2019, when Justice Rosenbaum resigned. Amd. Compl., ¶¶ 26 – 27 and 128; Morales Nov.

2021 Dec. ¶¶ 7 and 13; Ex. B.  As secretary to a Supreme Court Justice, plaintiff provided "personal and legal secretarial services" to Justice Rosenbaum, subject to his direct supervision, Morales Nov. 2021 Dec. Ex. D, and served entirely at his pleasure.  *See* Judiciary Law § 36 (1).  Moreover, UCS is denied the authority to hire or fire individuals -- like plaintiff – who serve as personal secretary to a Supreme Court Justice.  *See* 22 NYCRR 80.1 (b) (3) (stating that the Chief Administrator of state courts can appoint and remove all nonjudicial officers except "personal assistants who serve as law clerks . . . secretaries to judges and justice").  Indeed, the Court in *Bland v. New York*, 263 F. Supp. 2d 526, 537 (E.D.N.Y. 2003), found that UCS did not exert sufficient control over the terms and conditions governing the work of a personal secretary to a Supreme Court Justice -- the identical position held by plaintiff from 2005 through 2019 -- to establish UCS as her employer under Title VII.  *See* 264 F. Supp. 2d at 537 (finding that UCS did not pay the secretary's salary or have any role in determining the secretary's job responsibilities, performance evaluation, tenure, discipline, or work and vacation schedule).

Not only does the amended complaint fail to allege any facts that contradict the preceding, but the amended complaint fails to allege any facts indicating that UCS or any of the other State Court Defendants significantly controlled plaintiff's work and working condition as Secretary to a Judge from 2005 through 2019, sufficient to warrant treating them as plaintiff's employer under Title VII.  Plaintiff's conclusory assertions that she was an employee of the State Court Defendants (*see* Amd. Compl. ¶¶ 9, 10, 11, 12, 26, 175, and 196) are legal conclusions, and as such do not constitute factual allegations sufficient to defeat a motion to dismiss.  *See Paushok v. Ganbold,* 2022 WL 1421844, at *2 (2d Cir.

2022).   Similarly, Judiciary Law § 36 (2), to which plaintiff refers in her Reply Memorandum of Law (ECF Doc. 47), at p. 4, does not establish that UCS was a joint employer -- along with Justice Rosenbaum -- of plaintiff.   That provision merely authorizes UCS's Chief Administrator to "determine the functions" of a personal appointee of a justice <u>after</u> the justice leaves office for reasons other the expiration of his or her term.   It does not authorize the UCS Chief Administrator to determine those functions jointly with the justice while he or she holds the office.

In sum, the amended complaint fails to plausibly allege that the State Court Defendants, as plaintiff's employer, failed to take corrective action to address her claim of discriminatory treatment.   Accordingly, the amended complaint should be dismissed.

CONCLUSION

THE STATE COURT DEFENDANTS'
MOTION TO DISMISS THE AMENDED
COMPLAINT SHOULD BE GRANTED

Dated:   September 23, 2022
         New York, New York

**ANTHONY R. PERRI**

Acting Counsel
 Office of Court Administration
New York State Unified Court System
25 Beaver Street - 11th Floor
New York, New York 10004
(212) 428-2150

Attorney for Defendants
 Monroe County Supreme Court, New
 York State Unified Court System, Office
 of Court Administration, and Office of
 the Managing Inspector General for Bias
 Matters

By:

       Pedro Morales, Esq.
       Of Counsel

PEDRO MORALES
 Of Counsel

10