UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REBECCA KLYMN,

                    Plaintiff,

          - against -                                             21 CV 06488 (JLS)

MONROE COUNTY SUPREME COURT,
UNIFIED COURT SYSTEM OF THE STATE
OF NEW YORK, OFFICE OF COURT
ADMINISTRATION, OFFICE OF THE MANAGING
INSPECTOR GENERAL FOR BIAS MATTERS,
COSMAS GRANT, RONALD PAWELCZAK,
MARY AUFLEGER, ANN TADDEO, CAROLYN
GRIMALDI, MARGE ALLEN, AMY FIELDS
AND MATTHEW ROSENBAUM,

                    Defendants.

_____


### THE STATE COURT DEFENDANTS' MEMORANDUM OF LAW
### IN OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO AMEND THE COMPLAINT


**ANTHONY R. PERRI**

Acting Counsel, Office of Court Administration
New York State Unified Court System
25 Beaver Street - 11th Floor
New York, New York 10004
(212) 428-2150

Attorney for Defendants Monroe County
  Supreme Court, New York State Unified
  Court System, Office of Court
  Administration, and Office of the Managing
  Inspector General for Bias Matter

PEDRO MORALES
  Of Counsel

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ......................................................................... 1

PROCEDURAL HISTORY ............................................................................... 1

ALLEGATIONS IN THE PROPOSED AMENDED COMPLAINT ................................ 4

ARGUMENT .................................................................................................... 9

    THIS COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND THE
    COMPLAINT WHERE PLAINTIFF'S PROPOSED AMENDMENT IS SUBJECT
    TO DISMISSAL UNDER FED. R. CIV. P. 12 (B) FOR FAILING TO STATE A
    CAUSE OF ACTION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
    FOR IMPUTNG EMPLOYER LIABILITY TO THE STATE COURT
    DEFENDANTS AND IS THEREBY FUTILE ................................................. 9

        A. Standard of Review on  Rule 15 (a) (2) Motion ................................. 9

        B.  Plaintiff's Motion for Leave to Amend the Complaint
           Should be Denied because the Proposed Amendment is Futile ..................... 10

CONCLUSION ............................................................................................ 18

i

TABLE OF AUTHORITIES

**Cases**

*Andrus v. Corning, Inc.*, 2016 WL 5372467 (W.D.N.Y. Jan. 25, 2016)..................... 12, 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................ 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................................... 10

*Burns v. City of Utica*, 590 Fed. Appx. 44 (2d Cir. 2014 (Summary Order) .............. 10, 11

*Casten v. DuPont Demours, Inc.*, 2021 WL 4160307 (W.D.N.Y. Sep. 14, 2021) ............. 9

*Ciccotto v. LCOR*, 2001 WL 514304 (S.D.N.Y. Jan. 31, 2001) .......................... 10, 11, 14

*Jordan v. N.Y.C. Dept. of Labor*, 811 Fed. Appx. 58 (2d Cir. 2020) ................................ 9

*Kilgannon v. Social Security Administration*,
  2021 WL 4523505 (S.D.N.Y. Sep. 30, 2021) ......................................................... 11, 14

*Lees v. Graduate Center, City University of New York*,
  696 Fed. Appx. 530 (2d Cir. 2017) ..................................................................... 9

*Lekettey v. City of New York*, 637 Fed. Appx. 659 (2d Cir. 2016) (Summary Order) 10, 14

*Lewis v. Snow*, 2002 WL 22077457 (S.D.N.Y. Sep. 8, 2003) .......................................... 12

*Matter of N.Y.S. Comm'n on Judicial Conduct v. Rubenstein*, 23 N.Y.3d 570 (2014)..... 16

*Matter of Wilk v. N.Y.S. Comm'n on Judicial Conduct*, 97 A.D.2d 716 (1ˢᵗ Dept 1983)..15

*Newman & Schwartz v. Aspundh Tree Expert, Co., Inc.*, 102 F.3d 660 (2d Cir. 1996).... 10

*Polo v. Xerox Corp.*, 2014 WL 317171 (W.D.N.Y. Jan. 28, 2014) .................................. 12

**Statutes**

Civil Rights Act of 1964 ("Title VII")...................................................................... 1, 10, 12

Fed. R. Civ. P. 12 (b) (6) ........................................................................................ 17

Fed. R. Civ. P. 15 (a) (2) ......................................................................................... 9

Fed. R. Civ. P. 60 (b) (6) ......................................................................................... 17

N.Y. Judiciary Law § 211 (d) ................................................................................... 15

N.Y. Judiciary Law § 44............................................................................................. 16

**Regulations**

22 NYCRR § 80.1 (b) (3) ......................................................................................... 15

**Constitutional Provisions**

N.Y. Const art VI, § 22 (a) ....................................................................................... 15

PRELIMINARY STATEMENT

Defendants Monroe County Supreme Court, New York State Unified Court System, Office of Court Administration, and Office of the Managing Inspector General for Bias Matters ("Supreme Court," "UCS," "OCA," "OMIG," respectively, and, collectively, "State Court Defendants")[1] submit this memorandum of law in opposition to plaintiff Rebecca Klymn's motion pursuant to Fed. R. Civ. P. 15 (a) (2) for leave to further amend the complaint.  Permitting the amended complaint to be further amended in the manner proposed by plaintiff would be a futile act.  The factual allegations which plaintiff now proposes to add to the amended complaint to buttress her conclusory assertions that the State Court Defendants failed after December 2019 to investigate, and take corrective action concerning, plaintiff's complaint of harassment by defendant former Supreme Court Justice Matthew Rosenbaum do not assert a plausible claim for imputing employer liability to the State Court Defendants under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 ("Title VII").  Accordingly, plaintiff's motion for leave to amend the complaint should be denied.

PROCEDURAL HISTORY

Plaintiff commenced this action on July 16, 2021 against the State Court

---

[1] The State Court Defendants are constituent subdivisions, offices, or departments of UCS, *see* Declaration of Pedro Morales dated February 28, 2023 ("Morales Decl.") ¶¶ 2 - 5, which is the institutional defendant and the real party interest for claims against the court system.

Defendants, Hon. Matthew Rosenbaum, and individual UCS employees (ECF Doc. 1).  As against the State Court Defendants, the complaint alleged that the State Court Defendants violated Title VII of the Civil Rights Act as well as the New York State Human Rights Law, N.Y. Exec. Law §§ 290 – 297, when they failed to investigate and take corrective action in response to her complaint that Rosenbaum had sexually harassed her.  In lieu of answering the complaint, in November 2021, the State Court Defendants, Rosenbaum, and the UCS employee defendants moved to dismiss the complaint (ECF Docs. 17, 18, 19, 28, 29, 30).  The State Court Defendants moved to dismiss the complaint on the grounds that plaintiff's Title VII claims were barred by the statute of limitations as well the Elected Official Personal Staff Exemption under Title VII, and plaintiff's Human Rights Law claims were barred by the Eleventh Amendment to the United State Constitution (ECF Docs. 17, 26, 30).

On August 4, 2022, while the motions were pending, plaintiff moved for leave to amend her complaint to allege that UCS was plaintiff's employer, jointly with Rosenbaum (ECF Doc. 42).   By Order dated August 29, 2022 (ECF Doc. 48), this Court granted plaintiff leave to amend the complaint, but further held that the three pending motions to dismiss would be evaluated considering the facts alleged in the amended complaint, as well as any supplemental arguments made by defendants (ECF Doc. 49).

By Decision and Order dated November 15, 2022 (ECF Doc. 58), the Court decided the motions to dismiss.  With respect to the State Court Defendants' motion, the Court granted the motion in part and denied it in part.  The Court dismissed plaintiff's Title

VII claims against the State Court Defendants, as barred by the Elected Official Personal Staff Exemption, "to the extent that they arise from her employment as a secretary to [Justice] Rosenbaum," which employment ended in December 2019 upon Rosenbaum's resignation from office (ECF Doc. 58, at p. 430).  However, the Court denied the motion with respect to the State Court Defendants conduct after December 2019, when plaintiff became a UCS employee.  For actions taken during that period, the State Court Defendants could be held for liable for Rosenbaum's conduct where the complaint alleges that UCS (i) failed to provide a reasonable avenue for plaintiff's complaint concerning Rosenbaum, or (ii) knew of Rosenbaum's harassment and did nothing about it (ECF Doc. 58, at pp. 46 – 47).  With respect to her Human Rights Law claims, plaintiff withdrew them.  Accordingly, the Court did not address the claims (ECF Doc. 58, at p. 41 n. 13).[2]  Thus, the only claim remaining against the State Court Defendants is the claim that after December 2019, they failed to investigate, and take corrective action in response to, plaintiff's complaint of sexual harassment by Rosenbaum.

With respect to motions of the other defendants, the Decision and Order, among other things, authorized plaintiff to re-plead her 1983 claims against the individual UCS employee defendants (ECF Doc. 58, at p. 35).  In order to facilitate a timetable agreeable to all parties for the service of the second amended complaint and defendants' respective

---

[2] Plaintiff withdrew her Human Rights Law claim while the State Court Defendants' motion to dismiss was pending (ECF Doc. 55, at pp. 4 – 5) ("Plaintiff acknowledges that the claim under the Human Rights Law is not viable and hereby withdraws it.").

3

answers thereto, the parties entered a stipulation -- so-ordered by the Court -- establishing a schedule for the service of these pleadings (ECF Doc. 62).  However, in lieu of service of a second amended complaint, plaintiff now moves for leave to further amend the complaint to, among other things, allege specific facts in support of her remaining claims against the State Court Defendants.

ALLEGATIONS IN THE PROPOSED AMENDED COMPLAINT

The proposed amended complaint, which is annexed as Exhibit "A" to the Affirmation of Anne Marie Richmond, dated December 21, 2022 (ECF Doc. 65-1) ("Richmond Affm.").  The proposed second amended complaint incorporates by express reference several documents which are being made available for review by this Court as exhibits to the Declaration of Pedro Morales which is being submitted with this memorandum  The proposed second amended complaint alleges the following against the State Court Defendants:

Plaintiff was employed as judicial secretary by Rosenbaum from May 2005 through December 31, 2019, when Rosenbaum resigned from the bench.  Richmond Affm. Ex. A [at ¶¶ 19, 40, and 197 – 199].  During the period wherein she served as his personal appointee, Rosenbaum subjected plaintiff to the following actions:

From 2005 through 2009, plaintiff was compelled to submit to Rosenbaum's unwelcome, uninvited sexual overtures.  Rosenbaum repeatedly forced plaintiff to perform sexual acts on him and on one occasion, sexually assaulted plaintiff in her home.  Plaintiff

4

submitted to Rosenbaum's sexual demands because Rosenbaum stated that it was a condition of her employment and if she refused, she would lose her job as well as the custody of her son. Richmond Affm. Ex. A [at ¶¶ 43 – 51, 87 – 90, and 101]. Rosenbaum's sexual treatment of plaintiff ended in 2009 when complainant informed Rosenbaum that she would no longer participate in the sexual acts. Richmond Affm. Ex. A [at ¶ 135].

From 2005 through 2019, Rosenbaum subjected plaintiff to the following additional actions: He addressed plaintiff using denigrating terms, commented inappropriately on her clothing; without plaintiff's consent, hugged plaintiff in the presence of third parties, addressing her as "sweetie" and "honey"; and on other occasions, addressed her in a verbally abusive manner. Richmond Affm. Ex. A [at ¶¶ 52, 55 – 61, and 165]. Rosenbaum required plaintiff to accompany him to medical appointments and be physically present in the examination room. Richmond Affm. Ex. A [at ¶¶ 53 - 54]. Finally, Rosenbaum required plaintiff, during working hours, to perform personal errands for him, his family, and his synagogue. Richmond Affm. Ex. A [at ¶¶ 61 - 62].

In 2017, UCS and OCA issued the publication "Sexual Harassment: Policy and Procedures," which set forth, among other things, the procedure for filing with OMIG a complaint alleging sexual harassment by judges and court employees. Richmond Affm. Ex. A [at ¶¶ 147 - 149]; Morales Decl. Ex. A.

On October 29, 2019, after Rosenbaum refused to grant plaintiff a leave of absence, Richmond Affm. Ex. A [at ¶¶ 174 – 175 and 180], plaintiff submitted to Supreme Court's human resources office a request for a leave of absence pursuant to the Family

5

Medical Leave Act.  Richmond Affm. Ex. A [at ¶ 181].  In her request, plaintiff indicated that she required the leave to treat the "physical symptoms arising from stress due to a hostile work environment." *Id.* Plaintiff's claim of a hostile work environment came to the attention of UCS's Work-Safe Office, which promotes and supports a safe work environment for court employees. Richmond Affm. Ex. A [at ¶¶ 185 - 187].  On or about November 8, 2021, at the request of the Work-Safe Office, plaintiff submitted to UCS a written description of her treatment by Justice Rosenbaum.  Richmond Affm. Ex. A [at ¶¶ 186 - 189].   Plaintiff's description of her treatment was forwarded to OMIG.  Richmond Affm. Ex. A [at ¶ 190].

On December 11, 2019, Cosmas Grant, an investigator with OMIG and a defendant in this action, contacted plaintiff to advise her that her statement has been received, and was being reviewed by, OMIG.  In addition, Grant informed plaintiff that her complaint would be forwarded to the New York State Commission on Judicial Conduct. Richmond Affm. Ex. A [at ¶¶ 193 - 195].

On December 19, 2019, plaintiff was interviewed by the Commission on Judicial Conduct.   Richmond Affm. Ex. A [at ¶ 196].  On December 28, 2019, the Commission informed plaintiff that Justice Rosenbaum had agreed to resign from his judicial office and that the resignation would end the Commission's investigation of Justice Rosenbaum. Richmond Affm. Ex. A [at ¶ 197].  On January 13, 2020, Justice Rosenbaum entered a stipulation with the Commission whereby Justice Rosenbaum resigned from his office and agreed not to seek judicial office. Richmond Affm. Ex. A [at ¶199].  On January 23, 2020,

the Commission issued an order making the stipulation public and stating that its investigation of Justice Rosenbaum was concluded. Richmond Affm. Ex. A [at ¶ 213]; Morales Decl. Ex. B.

On or about January 15, 2020, Grant interviewed plaintiff and other witnesses identified by plaintiff, including plaintiff's mother and an unidentified individual. Richmond Affm. Ex. A [at ¶¶ 200 - 209].

By letter dated August 13, 2020, UCS Deputy Chief Administrative Judge Vito Caruso advised plaintiff that OMIG had completed its investigation of her hostile work environment complaint and that "appropriate action had been taken." Richmond Affm. Ex. A [at ¶ 226]. Morales Decl. Ex. C.

In the proposed second amended complaint, plaintiff states that based on the preceding she is entitled to relief against the State Court Defendants under Title VII for failing to investigate, and take corrective action, concerning her treatment by Justice Rosenbaum. Richmond Affm. Ex. A [at ¶¶ 253 - 259]. Specifically, plaintiff claims that between December 31, 2019 through August 6, 2021, OMIG, OCA, UCS, in contravention of UCS's sexual harassment policy, failed to address plaintiff's hostile work environment claim by not informing plaintiff of the progress of the investigation of her complaint and permitting Justice Rosenbaum to retire from his position without being disciplined. Richmond Affm. Ex. A [at ¶¶ 245, 247 and 255 - 256].

UCS SEXUAL HARRASMENT POLICY AND PROCEDURE

The Sexual Harassment Policy and Procedure ("Sexual Harassment Policy") referenced at paragraphs 146 – 148 in the proposed second amended complaint provides as follows:

- UCS has a zero-tolerance policy for all forms of sexual harassment involving UCS personnel, including judges, and court users and will promptly address all allegations of sexual harassment.  Morales Decl. Ex. A, at p. 1.

- UCS personnel are afforded several avenues for addressing sexually harassing conduct including (i) confronting the harasser (ii) reporting the behavior to supervisor or manager, (iii) contacting the Work-Safe Office, or (iv) making a formal written complaint of sexual harassment to OMIG. Morales Decl. Ex. A, at p. 2.

Upon receipt of formal written complaint, OMIG will take the following actions:

- OMIG will commence a confidential investigation of the complaint, which entails assigning a member of its staff to interview the complaining party, the person who is the subject of the complaint, and any other person who may have information relating to the complaint. Morales Decl. Ex. A, at pp. 8 and 10.

- Upon completion of the investigation, OMIG issues a confidential report of the investigation to the appropriate court administrator and the Deputy Chief Administrative Judge.  The Deputy Chief Administrative Judge issues a written determination whether the complaint of sexual harassment has been substantiated and, if found to be substantiated, the appropriate disciplinary or administrative action to be imposed. Morales Decl. Ex. A, at p. 9.

- The determination is sent to the complainant and the person who is the subject of the complaint. Morales Decl. Ex. A, at p. 9.

- Where a complaint against a judge is substantiated, the appropriate administrative action is the referral of the complaint to the Commission on Judicial Conduct. Morales Decl. Ex. A, at p. 9.

- Both the complaining party and the person who is the subject of the complaint

may appeal the Deputy Chief Administrative Judger's determination to the Chief Administrative Judge.  Morales Decl. Ex. A, at p. 9.

ARGUMENT

THIS COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND THE COMPLAINT WHERE PLAINTIFF'S PROPOSED AMENDMENT IS SUBJECT TO DISMISSAL UNDER FED. R. CIV. P. 12 (B) FOR FAILING TO STATE A CAUSE OF ACTION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 FOR IMPUTNG EMPLOYER LIABILITY TO THE STATE COURT DEFENDANTS AND IS THEREBY FUTILE

**A.**   <u>**Standard of Review on  Rule 15 (a) (2) Motion**</u>

Under Fed. R. Civ. P. 15 (a) (2), where a party seeks to amend a pleading more than 21 days after the service of the pleading, a party may amend the pleading upon leave of court.  Fed. R. Civ. P. 15 (a) (2).  Denial of leave to amend is proper where the proposed amendment would be futile.  *Jordan v. N.Y.C. Dept. of Labor*, 811 Fed. Appx. 58, 60 (2d Cir. 2020) (Summary Order); *Lees v. Graduate Center, City University of New York*, 696 Fed. Appx. 530, 516 (2d Cir. 2017) (Summary Order). An amendment to a pleading is not permitted if the futility of the amendment is apparent from the proposed amendment's inability to withstand a motion to dismiss under Fed. R. Civ. P.  12 (b).  *Casten v. DuPont Demours, Inc.*, 2021 WL 4160307, at *3 (W.D.N.Y. Sep. 14, 2021); *Cusack v. Delphi Corp.*, 686 F. Supp. 2d 254, 258 (W.D.N.Y. 2010).

9

It is well-settled that, in addressing a motion to dismiss under Rule 12 (b) (6), the court must determine whether the complaint has plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On such a motion, the court must confine its consideration to the facts stated on the face of the complaint, the documents appended to the complaint or incorporated by reference, and matters subject to judicial notice. *Newman & Schwartz v. Aspundh Tree Expert, Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996). For the reasons stated below, plaintiff's motion to further amend the amended complaint should be denied.

**B.  Plaintiff's Motion for Leave to Amend the Complaint**
   **Should be Denied because the Proposed Amendment is Futile**

It is well-settled that in order to impute liability under Title VII to an employer for the harassing conduct of non-supervisory personnel, the employee must allege facts that plausibly show that the employer (i) provided no reasonable avenue to the employee for making a complaint, or (ii) knew of the harassment and did nothing about it. *Burns v. City of Utica*, 590 Fed. Appx. 44, 47 – 48 (2d Cir. 2014 (Summary Order); *Ciccotto v. LCOR*, 2001 WL 514304, at *8 (S.D.N.Y. Jan. 31, 2001). *See also Lekettey v. City of New York*, 637 Fed. Appx. 659, 662 – 662 (2d Cir. 2016) (Summary Order) (holding employer

10

liable for being "negligent in controlling working conditions"); *Kilgannon v. Social Security Administration*, 2021 WL 4523505, at *8 (S.D.N.Y. Sep. 30, 2021).   Thus, dismissal of a complaint is warranted where the complaint alleges that the employer defendant has promulgated a sexual harassment policy and plaintiff has made use of it.   *See Ciccotto*, 2001 WL 514304, at *8.   Similarly, dismissal is also warranted where the complaint alleges facts showing that the employer conscientiously investigated the plaintiff's complaint.   *See Burns*, 590 Fed. Appx. at 47 – 48; *Kilgannon*, 2001 WL 4523505, at *8. Here, the proposed second amended complaint fails to allege any basis for imputing liability to UCS, or any other State Court Defendant, for actions allegedly taken by Rosenbaum.

**1.  The Facts Alleged in the Proposed Second Amended Complaint Do Not Support a Plausible Claim that UCS Failed to Provide Plaintiff with a Reasonable Avenue of Complaint**

The proposed second amended complaint alleges that UCS promulgated in or about 2017 a sexual harassment policy and procedure.  Richmond Affm. Ex. A [at ¶¶ 147 -149].  According to the policy and procedure, a person can lodge a complaint of sexual harassment with UCS in one of four ways: (i) confront the harasser; (ii) report the conduct to a UCS supervisor or manager; (iii) contact UCS's Work-Safe Office, or (iv) file a formal complaint with OMIG.  Morales Decl. Ex. A, at p 2.  The policy and procedure further provide that upon receipt of a formal complaint of harassment, UCS will take the following actions:  OMIG conducts a confidential investigation of the complaint by (i) advising the

complainant of the commencement of the investigation, then (ii) interviewing the complainant and other material witnesses, and finally (iii) issuing a report of the investigation to the local Administrative Judge and the Deputy Chief Administrative Judge. Morales Decl. Ex. A, at p 9.   The Deputy Chief Administrative Judge issues to the complainant, and the person complained of, a final determination whether the investigation has sustained the complaint and, where the complaint has been sustained, takes corrective action addressing the complaint. Morales Decl. Ex. A, at p. 9. Where the harasser is a state court judge, UCS refers the matter to the Commission on Judicial Conduct for remedial action.  *Id*.

Courts have repeatedly held that a policy -- like the UCS policy -- which provides for the prompt investigation of a complaint of sexual harassment constitute a reasonable avenue of complaint sufficient to warrant dismissal of a complaint alleging that the employer failed to take corrective action.  *See, e.g., Polo v. Xerox Corp.,* 2014 WL 317171, at *6 (W.D.N.Y. Jan. 28, 2014); *Andrus v. Corning, Inc.*, 2016 WL 5372467 at *6 (W.D.N.Y. Jan. 25, 2016); *Lewis v. Snow*, 2002 WL 22077457, at *9 (S.D.N.Y. Sep. 8, 2003).  Here, plaintiff's allegations -- that UCS established a sexual harassment policy, pursuant to which plaintiff filed a complaint of hostile work environment, which resulted in in an internal investigation by OMIG, and a referral to the Commission -- renders as futile plaintiff's assertion that UCS, in violation of Title VII, failed to provide a reasonable avenue of complaint.  In light thereof, plaintiff's motion for leave to amend the complaint should be denied.

12

### 2. The Facts Alleged in the Proposed Second Amended Do Not Support a Plausible Claim that UCS Failed To Respond to Plaintiff's Complaint of a Hostile Work Environment

The allegations in the proposed second amended complaint show that UCS took prompt action to address plaintiff's complaint and facilitate Rosenbaum's removal from the bench. Specifically, the second amended complaint alleges the following: On or about October 29, 2019, plaintiff reported to UCS that she was the victim of a hostile work environment. UCS followed up on the complaint by requesting additional information from plaintiff and forwarding the information from her to OMIG and the Commission on Judicial Conduct, both of which immediately commenced investigations of plaintiff's complaint. The Commission interviewed plaintiff in December 2019. OMIG interviewed plaintiff and other witnesses in January 2020. In December 2019, within a week of plaintiff's interview by the Commission, Rosenbaum agreed to resign from judicial office effective December 31, 2019, and not to seek judicial office in the future. With respect to OMIG's investigation, on August 10, 2020, the Deputy Chief Administrative Judge advised plaintiff that OMIG had completed its investigation of plaintiff's complaint of a hostile work environment, that her complaint was treated as a serious matter, and that "appropriate action" had been taken. *See*, *supra*, at pp. 5 - 6.

It is well-settled that where a complaint alleges facts showing that the employer conducted a conscientious investigation of an employee's complaint of harassment by interviewing material witnesses and taking remedial action to address the harasser's

conduct, the complaint should be dismissed for failing to state a plausible claim that the employer did nothing to address the complaint. *Lekettey v. City of New York*, 637 Fed. Appx. 659, 662 (2d Cir. 2016); *Kilgannon v. Social Security Administration*, 2021 WL 4523505, at *8 (S.D.N.Y. Sep. 30, 2021): *Lewis v. Snow*, 2003 WL 22077457, at *9 (SD.N.Y. Sep. 8, 2003); *Cicotto v. LCOR*, 2001 WL 514304, at *8 (S.D.N.Y. Jan. 31, 2001). Here, as the factual allegations in the proposed second amended complaint amply demonstrate, UCS did conscientiously investigate plaintiff's complaint and brought the matter to the state agency with authority to discipline Rosenbaum. Permitting plaintiff to press the claim that the State Court Defendants violated Title VII by failing to address plaintiff's complaint of harassment therefore would be futile. *See Andrus v. Corning, Inc.*, 2016 WL 5372467, at * 6 (W.D.N.Y. Sep. 26, 2016) (dismissing the action where the employer took remedial action pursuant to its code of conduct). Accordingly, plaintiff's motion for leave to amend the complaint to assert that claim should be denied.[3]

---

[3] Moreover, contrary to plaintiff's claims, *see* Richmond Affm. Ex. A [at ¶ 247], the State Court Defendants were not obligated to inform plaintiff of the progress of the investigation of her complaint. The UCS Sexual Harassment Policy does not provide for reports to the complaining party of the progress of OMIG's investigation to the complaint. Instead, the Sexual Harassment Policy only provides that the complainant be notified of the Deputy Chief Administrative Judge's determination whether the compliant of harassment has been substantiated after the investigation has ended. *See* Morales Decl. Ex. A, at p. 9. Nor does the law require such reports. As this Court has held, once the remedial action taken by the employer results in the removal of the party who is the subject of the complaint, as the proposed amended complaint clearly alleges here, "the specifics of the underlying investigation" is rendered moot. *See Andrus v. Corning, Inc.*, 2016 WL 5372467, at * 7 (W.D.N.Y. Sep. 26, 2016).

Notwithstanding the absence of allegations supporting a plausible claim that UCS failed to provide plaintiff with an avenue of complaint or respond to her complaint, plaintiff alleges that the State Court Defendants should be held liable under Title VII for failing to take corrective action against Rosenbaum where Rosenbaum was permitted to avoid discipline by resigning from office.  This allegation is untenable as  matter of law.

UCS has no authority to discipline any of the judges which sit on its constituent courts.  The authority of UCS Chief Administrative Judge to remove UCS personnel is limited to nonjudicial officers and employees.  *See* N.Y. Judiciary Law § 211 (d) (Chief Judge of the New York Court of Appeals, as the chief judicial officer for UCS, shall promulgate standards and administrative policies governing personnel practices "affecting *nonjudicial personnel*" including, including, appointments, promotions, and removal from office) (emphasis added); 22 NYCRR § 80.1 (b) (3) (stating that the Chief Administrator of state courts, on behalf of the Chief Judge, can appoint and remove "all *nonjudicial officers  and employees* except personal assistants who serve as law clerks . . . secretaries to judges and justice") (emphasis added).

Instead, exclusive authority to discipline a judge is conferred upon the Commission on Judicial Conduct.  Pursuant to Article VI, section 22 (a), of the New York Constitution, the Commission on Judicial Conduct has the "exclusive authority to 'receive, initiate, investigate and hear complaints with respect to the conduct . . . [and] performance of official duties of any judges or justices of the unified court system.'"  *Matter of Wilk v. N.Y.S. Comm'n on Judicial Conduct*, 97 A.D.2d 716, 716 (1st Dept 1983).  *See also Matter*

15

*of N.Y.S. Comm'n on Judicial Conduct v. Rubenstein*, 23 N.Y.3d 570, 578 – 579 (2014) (stating that the Commission is an independent agency charged with protecting the integrity of the judiciary).  Upon hearing a misconduct complaint, the Commission "may determine that a judge or justice be admonished, censured or removed from office for cause, including, but not limited to, misconduct in office, persistent failure to perform his or her duties, habitual intemperance, and conduct on or off the bench, prejudicial to the administration of justice."  N.Y. Const art VI, § 22 (a).

In light of preceding, the acts that plaintiff alleges that OMIG took -- referral of plaintiff's complaint of harassment by Rosenbaum to the Commission on Judicial Conduct for investigation and disciplinary action -- is entirely consistent with UCS's complete lack of authority to discipline state court judges.  Moreover, given that the Commission is an independent state agency, *see* N.Y. Const art VI, § 22; N.Y. Judiciary Law § 44, the State Court Defendants cannot be held responsible for the Commission's decision to resolve plaintiff's complaint of harassment by entering a stipulation whereby Rosenbaum resigned from the bench and agreed not to seek judicial office again.

In sum, the proposed amended complaint does not allege that after December 2019 the State Court Defendants failed to establish a reasonable avenue whereby  plaintiff could lodge a complaint of sexual harassment or that after becoming aware of plaintiff's specific complaint of a hostile work environment, the State Court Defendants failed to address it.  Instead, the allegations of the proposed amended complaint show that the

16

opposite occurred.  In short, the proposed amendments to the amended complaint are futile.

Plaintiff's motion to amend the complaint should be denied.[4]

---

[4] Moreover, the current amended complaint should be dismissed.  In their motion to dismiss the complaint (ECF Docs. 17, 26, 30), the State Court Defendants argued that the plaintiff's claims based on acts occurring prior to October 30, 2019 are barred by the 300-day statute of limitations as well as the Elected Official Personal Staff Exemption under Title VII, and that acts occurring after that date fail to state a cause of action.  Reply Memorandum of Law dated January 20, 2022 (ECF Doc. No. 30), at p. 4 n.1.  By granting the State Court Defendants' motion, in part, the District Court found that the amended complaint supported a claim that after December 2019, when plaintiff became a UCS employee, the State Court Defendants failed to properly address plaintiff's complaint of hostile work environment.  For the reasons set forth in this memorandum of law, *supra*, it is now clear that from the facts which plaintiff sets forth in the amended complaint to support that allegation -- i.e., that the State Court Defendants failed to discipline Rosenbaum -- do not plausibly allege actionable conduct.  Accordingly, the State Court Defendants respectfully requests that in addition to denying plaintiff's request for leave to further amend the complaint, the current amended complaint be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6) and 60 (b) (6) for failing to state a cause of action.

CONCLUSION

PLAINTIFF'S MOTION FOR LEAVE TO
AMEND THE COMPLAINT SHOULD BE
DENIED

Dated:   February 28, 2023
         New York, New York

**ANTHONY R. PERRI**

Acting Counsel,
 Office of Court Administration
New York State Unified Court System
25 Beaver Street - 11th Floor
New York, New York 10004
(212) 428-2150

Attorney for Defendants
 Monroe County Supreme Court, New
 York State Unified Court System,
 Office of Court Administration, and
 Office of the Managing Inspector
 General for Bias Matters

By:

Pedro Morales, Esq.
Of Counsel

PEDRO MORALES
Of Counsel

18