UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

REBECCA KLYMN
                    Plaintiff,

vs.

MONROE COUNTY SUPREME COURT,
ET AL.,
                    Defendants

21-cv-6488-JLS

PLAINTIIFF'S REPLY TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR PERMISSION TO FILE AN AMENDED COMPLAINT

## INTRODUCTION

The Complaint in this matter was filed on July 16, 2021. Item No. 1. Defendants moved to dismiss on November 10 and 12, 2021, Items Nos. 17, 19, 21. On February 25, 2022, the Court heard oral argument on the motions, and reserved decision, referring the matter to mediation. Item No 33. While the motion to dismiss was pending, Plaintiff moved for permission to file an amended complaint. Item 42. The Court granted the motion, and permitted the Defendants to file supplemental papers in response to the Amended Complaint. Item No. 48. After review of the submissions filed by the parties, the Court entered a Decision and Order on November 15, 2022, granting in part and denying in part the motions to dismiss, and granting Plaintiff leave to amend her Section 1983 claims against the Individual Defendants (to the extent they are not barred by Eleventh Amendment immunity) in order to show any requisite personal involvement. Item No. 58.

Plaintiff now seeks to again amend her complaint to eliminate claims dismissed by the Court, to replead her Section 1983 claims against the Individual Defendants, as directed by the Court, and to add additional claims. Item No. 65. Defendants have opposed the motion to

amend.  Items No. 69, 70, 71, 72.  For the reasons discussed *below,* Plaintiff's motion should be granted.

### THE COURT IDENTIFIED THE VIABLE CLAIMS IN PLAINTIFF'S FIRST AMENDED COMPLAINT IN ITS NOVEMBER 2022 DECISION AND ORDER

The Court has already addressed certain of the issues raised in Defendants' motion papers.  To the extent that the Defendants other than Defendant Rosenbaum have attempted to relitigate issues already decided by the Court, those efforts should be rejected.

In its November 15, 2022 Decision and Order, Item No. 58, the Court held:

- Plaintiff's harassment claims against Defendant Rosenbaum pursuant to 42 USC § 1983 and the New York Human Rights Law ("NYHRL") may proceed under a hostile work environment theory based on conduct alleged to date back to 2005, *Id.*, pp. 2, 48;

- Plaintiff's official capacity claims against the individual Defendants (other than Rosenbaum) are barred by the Eleventh Amendment, *Id.*;

- Plaintiff's NYHRL claims against the individual Defendants (other than Rosenbaum) survive under an aiding and abetting theory, *Id.*, pp. 2, 38-40, 48;

- Plaintiff's § 1983 claims against the individual Defendants (other than Rosenbaum) that are not barred by the Eleventh Amendment are dismissed with leave to amend, "if she can allege the requisite personal involvement," *Id.*, pp. 2, 35, 48;

- Plaintiff's Title VII claims against Defendants Monroe County Supreme Court, Unified Court System of the State of New York ("UCS"), Office of Court Administration ("OCA"), and Office

of the Managing Inspector General for Bias Matters ("OIG"), for conduct predating December 31, 2019 are dismissed pursuant to 42 USC § 2000e(f), *Id.*, pp. 2, 42, 43, 49[1];

- Plaintiff's Title VII claims against Defendants Monroe County Supreme Court, UCS, OCA and OIG for conduct post-dating December 31, 2019 may proceed. *Id.*, pp. 2, 47, 49.

Defendants have opposed Plaintiff's motion to file the proposed Second Amended Complaint as follows:

- Defendant Rosenbaum has opposed Plaintiff's proposed addition of a claim against him pursuant to 42 USC § 1985, *see* Item No. 69, pp. 1-3;

- Defendants Monroe County Supreme Court, UCS, OCA, and OIG have opposed the motion to amend arguing that Plaintiff has failed to alleged facts that support a plausible claim against them, and seemingly disregarding the Court's prior ruling that Plaintiff's Title VII claims against them for conduct post-dating December 31, 2019 may proceed, *see* Item No. 70, pp. 11-17;

- Defendant Grant, Pawelczak, Taddeo, Grimaldi, Allen and Fields have opposed the motion to amend arguing that the facts pleaded in the proposed amended complaint do not allege their involvement in any constitutional violation after 2019, Item No. 72, pp.4-10;

- Additionally, Defendant Allen has moved to dismiss all of the claims against her on statute of limitation grounds, *Id.*, pp. 10-11; and Defendants Grant and Grimaldi have alleged that the NYHRL claims against them should be dismissed, seemingly ignoring the Court' prior determination that Plaintiff has pleaded a viable claim against them under the NYHRL, *Id.*, pp. 11-12.

---

[1]. Plaintiff withdrew her NYHRL claims against these Defendants. *Id.*, p. 41, fn.1.

- Finally, Defendants Taddeo, Allen, Pawelczak, Fields, Grant and Grimaldi[2] have moved to dismiss the 42 USC § 1985 claims against them arguing that Plaintiff's allegations are conclusory and speculative, and that the claim is barred by the intra-corporate conspiracy doctrine, *Id.*, pp. 13-14.

The objection of Defendants Monroe County Supreme Court, UCS, OCA and OIG to the Title VII claims in the Proposed Amended Complaint must be overruled.  The Court has already ruled that Plaintiff has stated a viable claim against these Defendants for conduct after December 2019.  Notwithstanding their citation to the requirements of Fed. R. Civ. P. 12(b), Item No. 70, pp. 9-10, these Defendants have placed numerous documents before the Court, and argued that they have adhered to their own policies as evidenced by those documents.

This is not a motion for summary judgment.  Plaintiff is entitled to discovery on her claims as pleaded against these Defendants prior to responding to a motion for summary judgment.  If these Defendants seek relief from the Court's Order of November 15, 2022, the Defendants' passing reference to Fed. R. Civ. P. 60(b)(6) in footnote 7 on the penultimate page of their brief does not properly place an objection to the Court's prior ruling before the Court.

Defendant Allen has sought to dismiss the NYHRL claims against her on statute of limitations grounds, after the Court held that Plaintiff had adequately pleaded a continuing violation under a hostile work environment theory.  Defendants Grant and Grimaldi have sought to dismiss the claims against them arguing that "they were not made aware of the alleged

---

[2] . Plaintiff's counsel has identified clerical errors in the Third Cause of Action of the Proposed Amended Complaint (Item No. 65-2). As is evident from the Introduction and Factual Allegations of the Proposed Amended Complaint, specifically ¶¶ 3, 36, 37, 73, 85, 86, 115-116, 118-119, 125, 132-133, 147, 154-154, 176-177, and 179, Plaintiff intended to plead that the parties to the conspiracy are Defendants Rosenbaum, Taddeo, Allen, Pawelczak, Fields, Grant and Grimaldi. However, both the section heading for the Third Cause of Action and ¶¶ 273-274 describing that Cause of Action, list only Defendants Rosenbaum, Pawelczak Taddeo, Allen and Fields as co-conspirators. Defendants have clearly recognized Plaintiff's intention, as the first paragraph if their discussion of the Third Cause of Action identifies all seven individuals as alleged co-conspirators. Item 72, p 12. If the Court allows the Third Cause of Action to go forward, Plaintiff will correct these errors in the version of the document that will be filed.

discrimination while it was still ongoing" Item No. 72, p. 11.  To the extent that this argument addresses Pliantiff's NYHRL claims, Defendants' argument, like that of Defendants Monroe County Supreme Court, UCS, OCA and OIG with respect to Plaintiff's post-2019 Title VII claims must be rejected.

### PLAINTIFF HAS ADEQUATELY PLEADED A § 1985(3) CONSPIRACY

In her proposed Amended Complaint, Plaintiff seeks to add a claim of conspiracy to deprive Plaintiff of equal protection of the laws, to deny her the right to petition the government for the redress of grievances, and to retaliate against her.  Specifically, Plaintiff has alleged detailed facts supporting her contention that Defendants Pawelczak, Taddeo, Allen, Fields, Grant and Grimaldi conspired with Defendant Rosenbaum to prevent Plaintiff from complaining about Defendant Rosenbaum's sexual harassment of her, to protect Defendant Rosenbaum from repercussions for his illegal conduct, to cover up Defendant Rosenbaum's misconduct, and to force Plaintiff to resign from her position.  Plaintiff has further alleged that the Defendants were successful in preventing her from complaining, protecting Rosenbaum, and covering up his misconduct for more than a decade, although they did not succeed in driving her from her position.

Defendant Rosenbaum argues that there are no allegations that any two of the Defendants met or spoke about the Plaintiff, although acknowledging that Plaintiff has alleged numerous meetings between Pawelczak and Rosenbaum and between Allen and Rosenbaum.  Defendants Pawelczak, Taddeo, Allen, Fields, Grant and Grimaldi similarly argue that Plaintiff has failed to provide specific details of their agreement to pursue the conspiracy, and further argue that Plaintiff's claims against them are barred by the intra-corporate conspiracy doctrine.

The standard governing claims under 42 USC § 1985(3) is well established:

> [A} plaintiff must allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.
>
> * * *
>
> Establishment of a § 1985(3) claim requires proof of a conspiracy between 'two or more persons.'" "A conspiracy, for these purposes, need not be shown by proof of an explicit agreement but can be established by showing that the 'parties have a tacit understanding to carry out the prohibited conduct.'

*Lalonde v. City of Ogdensburg*, No. 8:22-CV-0164 (LEK/DJS), 2023 U.S. Dist. LEXIS 44122, at *42-43 (N.D.N.Y. Mar. 16, 2023) (citations omitted).

Here, Plaintiff has alleged sufficient facts to plausibly support her claim that Defendants Rosenbaum, Pawelczak, Taddeo, Allen, Fields, Grant and Grimaldi reached a tacit understanding to prevent Plaintiff from complaining and carried out numerous acts in furtherance of that goal. Plaintiff respectfully submits that she has sufficiently alleged a tacit conspiracy in violation of § 1985(3).

The factual allegations in ¶¶ 72-73, 78-85, 103-108, 113-120, 130-132, 141, 151-153, 158-164, 166-170, 173, 176-177, 184, 191, 200-207, 209-212, 218-224, 228, 232-234, and 243-250 of the Proposed Amended Complaint describe actions taken by the alleged co-conspirators in furtherance of the conspiracy. Plaintiff submits that the Defendants' refusal to utilize the available avenues of complaint on Plaintiff's behalf, their active discouragement of Plaintiff's efforts to utilize those complaint processes, their deliberate delays, and refusals to perform their mandated duties with respect to Plaintiff's complaints and relocation constituted affirmative actions in furtherance of the conspiracy alleged in the Proposed Amended Complaint. The

actions described in the Proposed Amended Complaint were undertaken by Defendants Rosenbaum, Taddeo, Pawelczak, Allen, Fields, Grant and Grimaldi violated the official policy of Defendants UCS, OCA, OIG and Monroe County Supreme Court.  As is discussed, *below*, Plaintiff can discern no reason for these Defendants to have undertaken the actions alleged, other than to achieve the illegitimate goals described in the Proposed Amended Complaint.

District Courts within the Second Circuit have recognized a "personal stake" or "personal interest" exception to the intra-corporate conspiracy doctrine.

> According to the personal stake exception, the intracorporate conspiracy doctrine does not apply to bar conspiracy claims against "individuals within a single entity when they are pursuing personal interests wholly separate and apart from the entity."  In order for the exception to apply, "[t]he plaintiff must also allege that [the defendants] acted other than in the normal course of their corporate duties."  Plaintiff has alleged facts which, if true, would show that Defendants acted in their own interest and outside the normal course of their duties for the NYPD. This is consistent with cases from this circuit in which district courts have found that the personal stake exception applied when police officers were alleged to have: covered up the use of excessive force; engaged in race-based false arrests to improve their chances of promotions and benefits; and assaulted a prisoner in retaliation for his participation in a federal lawsuit.

*Ali v. Connick*, 136 F. Supp. 3d 270, 282-83 (EDNY 2015) (citing *Hill v. City of N.Y.*, No. 03 CV 1283 (ARR), 2005 U.S. Dist. LEXIS 38926, (EDNY Dec. 29, 2005); other citations omitted).

Plaintiff has alleged that the actions of the conspiring Defendants were undertaken in violation of applicable policies and were contradictory to the interests of Defendants UCS, OCA, and the Monroe County Supreme Court, similarly to the actions of the *Hill* Defendants, whose motion for summary judgment on Plaintiff Hill's conspiracy claim was denied.  *Hill, supra*, 2005 U.S. Dist. LEXIS 38926 at *18-20.  She respectfully submits that she has sufficiently alleged a

personal stake exception to the intra-corporate conspiracy doctrine to allow her claim to proceed to discovery, to enable to try her claims against the Defendants on the merits.

## PLAINTIFF'S § 1983 CLAIMS

Plaintiff acknowledges that the Court addressed her factual allegations against Defendants Pawelczak, Taddeo, Allen, Fields, Grant and Grimaldi and held that they failed to state a claim under *Tangreti v. Bachman*, 983 F.3d 609 (2d Cir. 2020). The newly added factual allegations against these Defendants are set forth in ¶¶ 62-86, 108-111, 114, 120-124, 160-165, 171, 176-177, 201-212, 223, 228, 233-234, and 246-248. Plaintiff respectfully submit that the factual allegations set forth in these paragraphs do not merely describe a failure to act, but are, instead, sufficient to state these Defendants' direct involvement in the violation of Plaintiff's right to Equal Protections.

## CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests this Court to grant her motion to file an amended complaint substantially in the form set forth in Item No. 66-2, and to allow this action to proceed to discovery.

Dated: Buffalo, New York
       March 28, 2023

 /s/ Lindy Korn                                             /s/ Anna Marie Richmond
LINDY KORN, ESQ.                                ANNA MARIE RICHMOND, ESQ.
The Law Office of Lindy Korn, LLP               2500 Rand Building
535 Washington Street, Ninth Floor              14 Lafayette Square
Buffalo, NY 14203                               Buffalo, NY 14203
716-856-5676                                    716-854-1100
lkorn@korn-law.com                              annamarierichmondesq@gmail.com