UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REBECCA KLYMN,

                                    Plaintiff,                  21-cv-6488-JLS

    -vs-

MONROE COUNTY SUPREME COURT, et al.,

                                 Defendants.
_____

### DEFENDANT ROSENBAUM'S REPLY IN SUPPORT OF
### HIS OBJECTION TO THE DECISION AND ORDER OF
### MAY 30, 2023

Pursuant the Court's Text Order of June 30, 2023 (Dkt. 85), defendant Matthew Rosenbaum hereby replies in support of his objection to the Decision & Order of May 30, 2023, Dkt. 74, insofar as the Magistrate Judge granted plaintiff's motion to add a claim alleging a conspiracy to deprive plaintiff of constitutional rights pursuant to 42 U.S.C. § 1985(3).

The insufficiency of plaintiff's proposed section 1985 conspiracy claim is demonstrated best by a careful reading of plaintiff's own response to defendant Rosenbaum's objection. Dkt. 86. At page 4 of that response, plaintiff states the following: "As the Magistrate Judge found, Plaintiff has pleaded to the existence of numerous meetings between Defendant Rosenbaum and Defendants Pawelczak, Taddeo, Allen and Fields." *Id*., p.4. What plaintiff omits, however, is that the Magistrate Judge explicitly held that those allegations were insufficient as a matter of law, stating: "[w]ithout more, these allegations would be too conclusory to satisfy the required element of an 'agreement.'" Dkt. 74, p. 43.

The Magistrate Judge went on to claim that "the Proposed SAC also contains a plethora of allegations providing a factual basis supporting there was a meeting of the minds that such Defendants entered into either an explicit or tacit agreement to violate Plaintiff's rights." Dkt. 74,

p. 43. That statement was followed by citations to numerous paragraphs in the Proposed SAC. Without repeating our objections, however, not one of those citations actually supported any meeting of the minds, explicit or tacit. *See Defendant Rosenbaum's Objection to the Court's Decision and Order of May 30, 2023*, Dkt. 78, pp. 4-7. In her response, plaintiff makes no effort whatsoever to address any of the specifics of defendant Rosenbaum's objections, and, in fact, ignores this argument entirely.

Rather, plaintiff cites to two allegations concerning conduct that supposedly occurred in calendar year 2019. First, plaintiff notes that she has alleged that two other defendants – Pawelczak and Fields – disclosed to Rosenbaum conversations they had with the plaintiff. Secondly, plaintiff references an allegation that defendant Fields copied defendant Rosenbaum on an August 2019 email concerning her meeting with the plaintiff.

Contrary to the Magistrate Judge's claim of a plethora of additional allegations, all plaintiff references are these two allegations. More importantly, there is nothing in any of these allegations to which plaintiff specifically refers that demonstrates the existence of any agreement, meeting of the minds, or tacit understanding to deprive the plaintiff of any rights, constitutional or otherwise. In fact, there is nothing in these allegations from which a fact finder could even infer the existence of such an agreement. Rather than making specific allegations of a conspiratorial agreement, plaintiff is asking the Court to speculate that merely because defendants had conversations about the plaintiff, with whom everyone worked on a daily basis, they must have agreed among themselves to deprive plaintiff of her rights.[1] As defendant Rosenbaum pointed out in his initial

---

[1] Defendant Rosenbaum notes that in the Individual Defendants' Response to Plaintiff's Objections, Dkt. 87, those defendants repeatedly point out how plaintiff is asking the Court to speculate concerning their conduct. Although the instant reply addresses plaintiff's proposed 1985 claim, and not the issues raised by the other Individual Defendants, plaintiff's pattern of speculation repeats itself in her response to defendant Rosenbaum's objections.

objections, that logic is faulty and circular. Plaintiff asks the Court to assume there was a conspiracy, and then points to these alleged meetings, conversations, or emails to suggest that they occurred pursuant to that conspiracy. However, before plaintiff can point to conduct supposedly committed pursuant to a conspiracy, she must properly allege an agreement or meeting of the minds, which she has failed to do.

Lastly, plaintiff's response is replete with allegations that are not only unrelated to the question of whether a section 1985 conspiracy was properly alleged, but are well beyond the allegations in the pleadings. For example, at page 10 of her response, plaintiff's counsel makes reference to defendant Rosenbaum's professional website and his AV rating. Such allegations are patently irrelevant to whether a 1985 conspiracy was pleaded; and, in fact, have nothing to do with any of the issues involved in this lawsuit. That the plaintiff resorted to such irrelevant allegations in her response is, in itself, a tacit admission that her proposed section 1985 claim is insufficient, and based on nothing more than conclusory speculation.

## CONCLUSION

Accordingly, defendant Rosenbaum requests the entry of an order denying plaintiff's motion for leave, insofar as plaintiff seeks to file and serve a second amended complaint containing a claim for violation of 42 U.S.C. § 1985.

Dated: July 21, 2023
Rochester, NY

      s/ David Rothenberg
David Rothenberg, Esq.
Michael Rothenberg, Esq.
ROTHENBERG LAW
*Attorneys for Defendant Rosenbaum*
45 Exchange Boulevard, Suite 800
Rochester, New York 14614
Tel: (585) 232-1946

        Fax:  (585) 232-4746
        Email:  david@rothenberglawyers.com
        Email:  michael@rothenberglawyers.com

To:    LINDY KORN, ESQ.
       The Law Office of Lindy Korn, LLP
       535 Washington Street, Ninth Floor
       Buffalo, NY 14203

       *-AND-*

       ANNA MARIE RICHMOND, ESQ.
       2500 Rand Building
       14 Lafayette Square
       Buffalo, NY 14203

       *Attorneys for Plaintiff*


       Heather L. McKay, Esq.
       NEW YORK STATE ATTORNEY GENERAL'S OFFICE
       *Attorneys for Defendants Cosmas Grant, Ronald Pawelczak, Mary Aufleger, Ann Taddeo, Carolyn Grimaldi, Marge Allen, and Amy Fields*
       144 Exchange Blvd., Suite 200
       Rochester, NY 14614


       Pedro Morales, Esq., Assistant Deputy Counsel
       OFFICE OF COURT ADMINISTRATION
       *Attorneys for Monroe County Supreme Court, Unified Court System of the State of New York, Office of Court Administration, and Office of the Managing Inspector General for Bias Matters*
       25 Beaver Street, 11th Floor
       New York, NY 10004