UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

REBECCA KLYMN

                    Plaintiff,

        v.                                                    21-CV-6488 (JLS)

MONROE COUNTY SUPREME
COURT, UNIFIED COURT SYSTEM
OF THE STATE OF NEW YORK,
OFFICE OF COURT
ADMINISTRATION, OFFICE OF THE
MANAGING INSPECTOR GENERAL
FOR BIAS MATTERS, COSMAS
GRANT, RONALD PAWELCZAK,
MARY AUFLEGER, ANN MARIE
TADDEO, CAROLYN GRIMALDI,
MARGARET ALLEN, AMY FIELDS,
AND MATTHEW ROSENBAUM

                    Defendants.

## DECISION AND ORDER

On November 15, 2022, this Court issued a Decision and Order addressing

three motions to dismiss Plaintiff's (Dkt. 49) Amended Complaint—one filed by

Rosenbaum, one filed by the State Court Defendants,[1] and one filed by the

---

[1] The "State Court Defendants" refers to Defendants Monroe County Supreme
Court, Unified Court System of the State of New York ("UCF"), Office of Court
Administration ("OCA"), and the Office of the Managing Inspector General for Bias
Matters ("OIG").

Individual Defendants.[2]  Dkt. 58.  The Amended Complaint set forth four causes of action: (1) Discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against the State Court Defendants; (2) Denial of Equal Protection of the Laws in violation of 42 U.S.C. § 1983 against the Individual Defendants and Rosenbaum; (3) Discrimination on the basis of sex in violation of the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* ("NYHRL") against the State Court Defendants; and (4) Discrimination on the basis of sex in violation of the NYHRL against the Individual Defendants and Rosenbaum.  *See* Dkt. 49 ¶¶ 162-204.

In its Decision and Order, this Court denied Rosenbaum's motion and, further, granted in part and denied in part the motions filed by the State Court Defendants and the Individual Defendants.  *See* Dkt. 58 at 48-49.  The Court then referred the case to United States Magistrate Judge Leslie G. Foschio for all relevant proceedings pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C).  Dkt. 59.[3]

---

[2] The "Individual Defendants" refers to Defendants Grant, Pawelczak, Aufleger, Taddeo, Grimaldi, Allen, and Fields.

[3] In particular, the Court referred the case to Judge Foschio "[p]ursuant to 28 U.S.C. § 636(b)(1)(A) and (B)" for "all pre-trial matters" including, but not limited to, "(1) conduct[ing] of a scheduling conference and entry of a scheduling order pursuant to Fed. R. Civ. P. 16, (2) hearing and disposition of all non-dispositive motions or applications, (3) supervision of discovery, and (4) supervision of all procedural matters involving the aforementioned or involving the preparation of the case or any matter therein for consideration by the District Judge." *Id.*  The Court also ordered that the "Magistrate Judge shall also hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)." *Id.*

On December 21, 2022, Plaintiff moved to amend the complaint. Dkt. 65. Plaintiff "seeks to amend her complaint to eliminate claims dismissed by the Court, and to replead her Section 1983 claims against the Individual Defendants, as directed by the Court." Dkt. 65-1 ¶ 8. In addition, Plaintiff "seeks to plead claims against Defendant Rosenbaum that are revived under New York's Adult Survivors Act, codified at CPLR § 214(j)." *Id.* ¶ 9. Lastly, Plaintiff "proposes to add a new cause of action under 42 U.S.C. § 1985(3) based upon the facts pleaded in support of her Section 1983 claims." *Id.* ¶ 10. She attached a "Proposed Second Amended Complaint," Dkt. 65-2, which sets forth the following causes of action:

- Discrimination on the basis of sex in violation of Title VII against the State Court Defendants;

- Denial of equal protection of the laws and the right "to petitio[n] the government for redress of grievances" in violation of 42 U.S.C. § 1983 against Rosenbaum, Grant, Pawelczak, Taddeo, Grimaldi, Allen, Fields;

- Conspiracy in violation of 42 U.S.C. § 1985(3) against Rosenbaum, Pawelczak, Taddeo, Allen, Fields;

- Discrimination on the basis of sex in violation of the NYHRL against Rosenbaum, Grant, Pawelczak, Taddeo, Grimaldi, Allen, Fields;

- Retaliation in violation of Section 1983 and the NYHRL against Rosenbaum;

- Battery under Article 130 of the New York Penal Law against Rosenbaum; and

- Intentional Infliction of Emotional Distress under Article 130 of the New York Penal Law against Rosenbaum. *See id.* at 30-37.[4]

Defendants opposed the motion, Dkt. 69, 70, 71, 72, and Plaintiff replied. Dkt. 73. On May 30, 2023, Judge Foschio issued a Decision and Order granting in part and denying in part Plaintiff's (Dkt. 65) motion. Dkt. 74.

Before this Court are the parties' objections to the (Dkt. 74) Decision and Order. *See* Dkt. 82 (Plaintiff); Dkt. 78 (Rosenbaum); Dkt. 80 (State Court Defendants); Dkt. 81 (Individual Defendants). Also pending is the Individual Defendants' motion for reconsideration of this Court's (Dkt. 58) Decision and Order. Dkt. 81. The objections and motion are fully briefed.

For the reasons discussed below, the Court OVERRULES the parties' objections (Dkt. 78, 80, 81, 82), and further DENIES the Individual Defendants' motion for reconsideration (Dkt. 81).

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Review of the Magistrate Judge's Order

The "standard of review for a dispositive order of a magistrate judge that has been properly objected to is *de novo*." *Ki v. Kim*, No. 20CV4343ARRJRC, 2022 WL

---

[4] The Proposed Second Amended Complaint removes Aufleger as a defendant. *See id.*

4551378, at *1 (E.D.N.Y. Sept. 29, 2022) (citing *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022); Fed. R. Civ. P. 72(b)(3)).  However, "any part of a dispositive order that is not objected to" is "reviewed for clear error." *Id.* (internal citation omitted).  And as to "[n]ondispositive orders," this Court also reviews for "clear error." *Id.* (citing Fed. R. Civ. P. 72(a)).

There is "some debate in this Circuit whether a motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling should issue as a Report and Recommendation, subject to *de novo review*, or as a Decision and Order, subject to review for clear error." *Covet & Mane, LLC v. Invisible Bead Extensions*, LLC, No. 21CV7740JPCRWL, 2023 WL 2919554, at *1 (S.D.N.Y. Mar. 23, 2023).[5]  Nevertheless, the Court would reach the same conclusion as to the parties' objections under either a *de novo* or clear error standard.

---

[5] To this Court's knowledge, the Second Circuit has not explicitly decided whether a motion to amend is dispositive or non-dispositive.  Some courts within the Second Circuit have treated denial of a motion to amend as dispositive matter requiring a recommendation from a magistrate judge, and grant of a motion to amend as a non-dispositive matter that a magistrate judge may order.  *See Zink v. First Niagara Bank*, No. 13-CV-1-76-A, 2015 WL 423221, at *1 n.2 (W.D.N.Y. Feb. 2, 2015) ("'District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive'") (quoting *Louis v. Metro. Transit Auth.*, No. 12 Civ. 6333(ILG)(JO), 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014)). *See also Briggs v. Cnty. of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (applying *de novo* review to resolve objections to recommendation denying leave to amend).

### B. Motion for Reconsideration

The standard for granting a reconsideration motion is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

A motion for reconsideration "should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal citation omitted). It is not a vehicle for "taking a second bite at the apple." *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (internal citation omitted). The decision to "grant or deny a motion for reconsideration is within 'the sound discretion of the district court.'" *United States v. Stacharczyk*, 511 F. Supp. 3d 438, 440 (W.D.N.Y. 2021) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II.   PLAINTIFF'S OBJECTIONS

Plaintiff "objects to portions of [Judge Foschio's] Order regarding the [I]ndividual [D]efendants," namely, (1) "the denial with prejudice of a § 1983

- 6 -

gender-based Equal Protection claim;" and (2) "the denial without prejudice of a §1983 First Amendment claim." Dkt. 82 at 5.[6] These objections are overruled.

Insofar as Plaintiff seeks to replead her Section 1983 claims based on the Equal Protection Clause, this Court has already granted leave. *See* Dkt. 58 at 48 ("Plaintiff's claims against the Individual Defendants under Section 1983 are dismissed as insufficiently pleaded. Plaintiff is granted leave to amend her Section 1983 claims against the Individual Defendants (to the extent they are not barred by Eleventh Amendment immunity) in order to show any requisite personal involvement"). To the extent the Individual Defendants believe the Proposed Second Amended Complaint (Dkt. 65-2) fails to state a cognizable claim, they may raise the argument on a Rule 12(b)(6) motion to dismiss the Second Amended Complaint, after it is filed.

Further, Judge Foschio properly determined that the Proposed Second Amended Complaint fails to state Section 1983 claim based on denial of Plaintiff's First Amendment rights. In particular, "Plaintiff asserts her First Amendment retaliation claim based on speech that was intended to redress her own personal grievances, rather than for a 'broader public purpose.'" *See* Dkt. 74 at 33-34 (citing *Quinones v. City of Binghamton*, 997 F.3d 461 (2d Cir. 2021)). Plaintiff's (Dkt. 65)

---

[6] In the Amended Complaint that this Court addressed, Plaintiff's Section 1983 claims against the Individual Defendants were based only on Equal Protection. *See* Dkt. 49 at 19. She raises the First Amendment as a basis for these claims for the first time in her (Dkt. 65) motion to amend.

motion is, therefore, denied with respect to this claim.  If Plaintiff is able to allege

sufficient facts to overcome this deficiency, she may seek further leave to amend.

### III.   ROSENBAUM'S OBJECTIONS

Rosenbaum objects to Judge Foschio's decision to permit Plaintiff "to add a

proposed third cause of action alleging a conspiracy claim" under 42 U.S.C. §

1985(3).  Dkt. 78 at 1.  These objections are overruled.

The "elements of a claim under § 1985(3) are: (1) a conspiracy; (2) for the

purpose of depriving, either directly or indirectly, any person or class of persons of

equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby

a person is deprived of any right of a citizen of the United States." *Brown v. City of*

*Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) (internal citation and

alterations omitted).  Rosenbaum argues that Plaintiff fails to state a claim because

Plaintiff "has not alleged a meeting of the minds to further an unlawful end" or a

"tacit understanding to carry out the prohibited conduct."  Dkt. 78 at 4 (internal

citation omitted).  Indeed, to maintain "an action under Section 1985, a plaintiff

must provide some factual basis supporting a meeting of the minds, such that

defendants entered into an agreement, express or tacit, to achieve the unlawful

end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal citation omitted).

And at this juncture, Plaintiff has sufficiently alleged the requisite meeting of the

minds.

Plaintiff alleges that the Individual Defendants met with Rosenbaum, Dkt.

65-2 ¶¶ 66, 68, 114, and informed him of conversations they had had with Plaintiff.

*See id.* ¶¶ 160, 162, 170.  She further alleges that these defendants then took various actions, including failing to recommend avenues for relief, *id.* ¶¶74-81, 114-124, discouraging Plaintiff from complaining, *id.* ¶¶ 84-85, or deliberately delaying in following up on or forwarding the complaints Plaintiff did file to the appropriate place.  *Id.* ¶¶ 124-129.  Drawing all reasonable inferences in Plaintiff's favor, these allegations suggest a meeting of the minds among these defendants to violate Plaintiff's rights.[7]

## IV.   THE STATE COURT DEFENDANTS' OBJECTIONS

The State Court Defendants argue that the Proposed Second Amended Complaint fails to state a claim against them under Title VII and, therefore, is futile.  *See* Dkt. 80 at 15.[8]  But even if that is true, dismissal of Plaintiff's Title VII claims against the State Court Defendants is inappropriate in the present posture.  This Court ordered that "Plaintiff's Title VII claims against the State Court Defendants may proceed to the extent that they post-date Rosenbaum's resignation in December 2019, but are otherwise dismissed without leave to amend."  *See* Dkt.

---

[7] Put another way, these allegations can be fairly read as suggesting that the Individual Defendants knew Rosenbaum was harassing Plaintiff, communicated with Rosenbaum, and then took steps to allow it continue.

[8] Specifically, they argue that Plaintiff does not "allege that after December 2019 the State Court Defendants failed to establish a reasonable avenue whereby plaintiff could lodge a complaint of sexual harassment or that after becoming aware of Plaintiff's specific complaint of a hostile work environment, the State Court Defendants failed to address it."  *Id.* at 25.

58 at *Id.* [9]  As such, the State Court Defendant's objections are overruled without prejudice to raising such arguments on a Rule 12(b)(6) motion to dismiss the Second Amended Complaint, after it is filed.

## V.   THE INDIVIDUAL DEFENDANTS' OBJECTIONS AND MOTION FOR RECONSIDERATION

### A. Objections to the Magistrate Judge's Order

The Individual Defendants assert various objections regarding Plaintiff's proposed claim under Section 1985(3).  Dkt. 81-1 at 5-10.  They also object to the Magistrate Judge's order to the extent it concluded that "Grimaldi could remain a defendant in this case."  *Id.* at 11-12.  These objections are overruled.

First, the Individual Defendants contend that Judge Foschio "erred in finding that Plaintiff stated a valid § 1985(3) conspiracy claim."  Dkt. 81-1 at 8.  Like Rosenbaum, they argue that "Plaintiff does not plead facts demonstrating the existence of an agreement between Defendant Rosenbaum and the Individual Defendants."  *See id.* 9.  The Court rejects this argument for the reasons discussed in Section III above.  The Individual Defendants further argue that the proposed claim under Section 1985(3) fails because "a federal civil rights conspiracy claim cannot be brought against a defendant not subject to a valid § 1983 claim."  *See id.* at 10-11.  Because this argument rises or falls on the existence of a valid Section 1983 claim, and because Plaintiff has leave to amend her Section 1983 First

---

[9] Judge Foschio ordered that Plaintiff's Motion to Amend is "GRANTED with regard to her Title VII claim asserted against [the] State Court Defendants."  Dkt. 74 at 29. But that conclusion was unnecessary in light of this Court's order.

Amendment claim, *see* Dkt. 74 at 48, this objection is overruled without prejudice to raising the argument on a Rule 12(b)(6) motion to dismiss the Second Amended Complaint, once it is filed.

The Individual Defendants also contend that it was "error" for the Magistrate Judge "not to dismiss Grimaldi from the case." *Id.* at 11. Specifically, they argue that Grimaldi cannot be liable under the NYHRL as an aider and abettor, given that she is not alleged to have had any contact with Plaintiff prior to Rosenbaum's resignation—*i.e.*, when Rosenbaum was allegedly committing a "primary violation" under the NYHRL. *Id.* But regardless of whether Plaintiff's NYHRL claims against Grimaldi are viable, it would be premature to terminate Grimaldi from the case at this juncture because, as noted above, Plaintiff has leave to amend her Section 1983 First Amendment claims—which includes a claim against Grimaldi. *See* Dkt. 74 at 48.

Further, this Court ordered that Plaintiff's claims under the NYHRL against the Individual Defendants in their individual capacities may proceed. *See* Dkt. 58 at 48 ("All of Plaintiff's official-capacity claims against the Individual Defendants for money damages are dismissed without leave to amend. Plaintiff's NYHRL claims otherwise survive"). In their motion to dismiss the (Dkt. 49) Amended Complaint, the Individual Defendants did not raise—and this Court, therefore, did not consider—whether Plaintiff's NYHRL aiding and abetting claims may only proceed to the extent they predate Rosenbaum's resignation. *See* Dkt. 51-1; Dkt. 58 at 36-41. The Court, therefore, declines to consider the argument in this posture,

but the Individual Defendants may raise it on a Rule 12(b)(6) motion to dismiss the Second Amended Complaint, once it is filed.

### B. Motion for Reconsideration

The Individual Defendants move for reconsideration of this Court's order to the extent that it "denied Allen's motion to dismiss Plaintiff's claims against her as time barred" as well as "to the extent it constrained the Magistrate Judge from dismissing Grimaldi as a defendant." Dkt. 81-1.[10] The motion is denied, as these defendants fail to identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Kolel*, 729 F.3d at 104.

### CONCLUSION

For the reasons discussed above, the Court OVERRULES all objections (Dkt. 78, 80, 81, 82), and further DENIES the Individual Defendants' motion for reconsideration (Dkt. 81). The case is referred back to Judge Foschio consistent with the November 15, 2022 referral order. *See* Dkt. 59.

SO ORDERED.

Dated:     August 11, 2023
           Buffalo, New York


                                    JOHN L. SINATRA, JR.
                                    UNITED STATES DISTRICT JUDGE

---

[10] Because the Court concludes that Grimaldi should not be dismissed as a defendant at this juncture, it need not address whether the November 15, 2022 order precludes dismissal of Grimaldi as a defendant.

- 12 -