UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REBECCA KLYMN

        Plaintiff,

  v.

MONROE COUNTY SUPREME
COURT, UNIFIED COURT SYSTEM
OF THE STATE OF NEW YORK,
OFFICE OF COURT
ADMINISTRATION, OFFICE OF THE
MANAGING INSPECTOR GENERAL
FOR BIAS MATTERS, COSMAS
GRANT, RONALD PAWELCZAK, ANN
MARIE TADDEO, CAROLYN
GRIMALDI, MARGARET ALLEN,
AMY FIELDS, AND MATTHEW
ROSENBAUM

        Defendants.

21-CV-6488 (JLS) (LGF)

---

## DECISION AND ORDER

Before the Court are the State Court Defendants' [115] objections to the [114] Report and Recommendation ("R&R") issued by United States Magistrate Judge Leslie G. Foschio on December 8, 2023.[1] This case has been referred to Judge Foschio for all relevant proceedings pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C). See Dkt. 59.

---

[1] The "State Court Defendants" refers to Defendants Monroe County Supreme Court, Unified Court System of the State of New York, Office of Court Administration, and the Office of the Managing Inspector General for Bias Matters.

On November 15, 2022, this Court ordered that "Plaintiff's Title VII claims against the State Court Defendants may proceed to the extent that they post-date December 2019, but are otherwise dismissed without leave to amend." Dkt. 58 at 3. On May 30, 2023, Judge Foschio granted Plaintiff leave to amend "her Title VII claim asserted against the State Court Defendants." See Dkt. 74 at 29. The State Court Defendants objected, arguing that Plaintiff does not "allege that after December 2019 the State Court Defendants failed to establish a reasonable avenue whereby plaintiff could lodge a complaint of sexual harassment or that after becoming aware of Plaintiff's specific complaint of a hostile work environment, the State Court Defendants failed to address it." Dkt. 80 at 25. This Court overruled those objections, reasoning that, "even if that is true, dismissal of Plaintiff's Title VII claims against the State Court Defendants is inappropriate in the present posture." Dkt. 92 at 9. But that was "without prejudice to raising such arguments on a Rule 12(b)(6) motion to dismiss the Second Amended Complaint, after it is filed." *Id.* at 10.

Plaintiff filed the Second Amended Complaint on September 13, 2023. Dkt. 93. As to the State Court Defendants, it sets forth a single claim under Title VII. *See id.* ¶¶ 252-258. On September 27, 2023, the State Court Defendants moved to dismiss. Dkt. 97. Plaintiff opposed the motion, Dkt. 110, and the State Court Defendants replied. Dkt. 111. Judge Foschio thereafter issued the R&R, which recommends that this Court deny the State Court Defendants' motion. *See* Dkt. 114

at 30.[2] In particular, he concludes that, as to the State Court Defendants, "Plaintiff has stated a claim for sex discrimination in violation of Title VII" and that "Plaintiff has also plausibly alleged a Title VII retaliation claim." *Id.* at 28.

The State Court Defendants objected to the R&R. Dkt. 115. They argue that the R&R (1) "failed to address the issue of whether the new factual allegations concerning UCS 2017 Sexual Harassment Policy and Procedure plausibly state a claim that the State Court Defendants failed to investigate and take corrective action in response to plaintiff's complaint of harassment by defendant Rosenbaum" and (2) improperly concluded that "plaintiff's cause of action . . . included a claim of retaliation." *Id.* at 5-6. Plaintiff responded in opposition, Dkt. 117, and the State Court Defendants replied. Dkt. 118.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts Judge Foschio's

---

[2] Judge Foschio also addressed Plaintiff's [94] motion for pre-answer discovery. *See* Dkt. 114 at 17-23.

recommendation. The State Court Defendants' [97] motion to dismiss is DENIED. The case is referred back to Judge Foschio in accordance with the November 15, 2022 order. *See* Dkt. 59.

SO ORDERED.

Dated:    February 5, 2024
               Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE